## United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6211 | 12-18-07 DATE | 12-18-07 |
| CASE TITLE | Moses Twgume a/k/a Tegume (#R-60977) vs. Mary Katherine Foy, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#7] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $23.87 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The is directed to: (1) add P. Rathke as a defendant; (2) terminate all other defendants pursuant to 28 U.S.C. § 1915(e)(2)(B); (3) send a copy of this order to the trust fund officer at the Big Muddy River Correctional Center; (4) issue summons for service on defendant Rathke only; and (5) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [#8] is denied.

■ [For further details see text below.]

Docketing to mail notices.

### STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that Mundelein police officers violated his constitutional rights in investigating the criminal allegations against him; that the prosecutor engaged in misconduct; that his defense counsel was ineffective; and that witnesses against him provided false testimony.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $23.87. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable **(CONTINUED)**

mjm

federal cause of action against defendant Rathke, the Mundelein Police Department evidence technician who allegedly searched and seized the plaintiff's personal effects without a warrant and without the plaintiff's personal consent. While a more fully developed record may belie the plaintiff's allegations, defendant Rathke must respond to the complaint. However, the complaint is dismissed as to all other claims and defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

The thrust of the complaint is that the plaintiff largely contests his conviction as wrongful. It must be emphasized that the plaintiff cannot challenge his criminal conviction by way of a civil rights action. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. To the extent that the plaintiff claims that he has been unlawfully convicted, he must pursue federal relief by way of a habeas corpus action, and only after exhausting available state court remedies. *See, generally*, 28 U.S.C. § 2254. The court cannot consider the validity of the underlying state court conviction in the context of a civil rights action.

The plaintiff's claim that investigating police officers failed to advise him of his *Miranda* rights when they interrogated him fails to state a claim under 42 U.S.C. § 1983. *Locke v. Greer*, 963 F.2d 375 (7th Cir. 1992) (unpublished, text in Westlaw at 1992 WL 113404, **1 (7th Cir. 1992), *citing Thorton v. Buchmann*, 392 F.2d 870, 874 (7th Cir. 1968). The appropriate remedy for a *Miranda* violation is the exclusion of evidence, not civil damages under the Civil Rights Act. *Id.*

With regard to the Assistant State's Attorney who prosecuted the plaintiff, "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976); *see also, Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). The Supreme Court specifically has held that prosecutorial immunity exists when a prosecutor elicits false or defamatory testimony. *Burns v. Reed*, 500 U.S. 478, 479 (1991). The plaintiff has no viable cause of action against the prosecutor.

The plaintiff's claims against his public defender must likewise be dismissed. Defense attorneys, whether state public defenders or privately retained counsel, generally are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Public defenders can be successfully sued where the plaintiff alleges and proves that they conspired with state actors, *Logan v. Laterzo*, 24 Fed. Appx. 579, 582 (7th Cir. 2001), *citing Tower v. Glover*, 467 U.S. 914, 923-24 (1984); however, in this case, a finding that the plaintiff's defense attorney conspired with police and prosecutors would necessarily call into question the validity of his criminal conviction.

The plaintiff cannot sue the physicians and family members who testified against him. Witnesses, including police officers testifying for the prosecution in a criminal trial, have absolute immunity from a damages suit based **(CONTINUED)**

**STATEMENT (continued)**

on their testimony. *Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir. 2003) (overruled on other grounds by *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006)), citing *Briscoe v. LaHue*, 460 U.S. 325, 345-56 (1983).

Although the plaintiff is being allowed to proceed against the police technician who allegedly obtained evidence in violation of his constitutional rights, the plaintiff cannot sue the mayor, the Village of Mundelein, or the Mundelein police officer for Rathke's alleged conduct. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to Section 1983 cases. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). "[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents." *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* The policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). In this case, nothing in the complaint suggests that there was an unconstitutional municipal policy or custom.

With regard to the mayor, a supervisory official may be held liable under § 1983 only if that individual caused or participated in the constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Section 1983 does not create collective or vicarious responsibility. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* The village mayor would have had no involvement in the police investigation.

Finally, the police department is not itself a suable entity. *See, e.g., Gray v. City of Chicago*, 159 F. Supp. 1086, 1088 (N.D. Ill. 2001).

For all of the foregoing reasons, the clerk shall issue summons for service on defendant Rathke only. The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. If Rathke can no longer be found at the work address provided by the plaintiff, the Mundelein Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.
**(CONTINUED)**

**STATEMENT (continued)**

The plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruit v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although the plaintiff has articulated a colorable claim, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's sole remaining claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied.