UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MOSES TUGUME, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | NO: 07 C 6211 |
| | ) | Honorable John Darrah |
| PHILLIP RATHKE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES & JURY DEMAND

NOW COMES the Defendant, PHILLIP RATHKE, by and through his attorneys, O'REILLY LAW OFFICES, and as for his answer to the Plaintiff's Complaint at Law, Affirmative Defenses & Jury Demand, states as follows:

1.      (I.)     That on/about 12/18/2007, this Honorable issued a court order granting for Plaintiff to proceed in his §1983 civil rights action against police technician P. Rathke #207 for his alleged conduct in violating Plaintiff's constitutional right against illegal searches and seizures to his personal effects without a warrant or his personal consent on December 3, 2006.

ANSWER:      Defendant admits that this Court issued an order with respect to Plaintiff's claim, but deny that said order has been completely or accurately set forth in paragraph 1.

2.      (II.)     Plaintiff's constitutional rights were violated because:

a.      Evidence technician secured Plaintiff's passports, FIOD card, immigration green card, driver's license, social security cards and computer on 12/03/06

without a warrant or his consent.   (See report as Exhibit A) and placed them into evidence.

b.     Evidence technician's alleged conduct resulted in the violation of plaintiff's fourteen amendment constitutional right/protection against the deprivation of liberty without due process.  When the trial court confiscated plaintiff's passports and other effects and gave plaintiff a one million dollar bond on top of confiscating his passports and papers.

c.     Evidence technician P. Rathke #207's conduct/deliberation of reckless indifference violated plaintiff's fourth amendment protection from/against unreasonable searches and seizures without warrants or consent and which guarantees citizen's right to be secure in their persons, houses, papers and other effects or those persons within the jurisdiction thereof.

ANSWER:    Defendant denies that Plaintiff's constitutional rights were violated.

a.     Defendant admits that he is employed as an evidence technician with the Village of Mundelein and that on December 3, 2006, he secured four passports and miscellaneous documents belonging to Moses Tugume and a gray Compaq computer on 12/03/06.  Defendant denies the remaining allegations in paragraph 2(a) and denies that he violated the Plaintiff's rights in the search and seizure of property on December 3, 2006.

b.     Defendant denies the allegations in paragraph 2(b).

c.     Defendant denies the allegations in paragraph 2(c).

**STATEMENT OF FACTS:**

3.      (1.)  42 U.S.C.A § 1983 provides in relevant parts: every person who, under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

ANSWER:    Defendant admits that 42 U.S.C.A § 1983 was in full force and effect on December 3, 2006, but denies that Plaintiff has any valid claim pursuant to 42 U.S.C.A § 1983.

4.      (2.)  Amendment IV Protection from unreasonable search and seizure provides for the right of the people to be secure in their persons, house, papers and effects against unreasonable searches and seizures, shall not be violated and no warrants shall issue but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the person or things to be seized.

ANSWER:    Defendant admits that the Fourth Amendment was in full force and effect on December 3, 2006, but denies that Plaintiff has any valid claim for alleged violation of his Fourth Amendment Rights.

5.      Mundelein police evidence technician chose to ignore the above protections/rights of plaintiff by not following their content in the execution of his duty as a state actor under color of law on the 3rd of December, 2006.

ANSWER:    Defendant denies the allegations in paragraph 5.

6.      (3.)  To state claim against/under § 1983, a plaintiff must allege the violation of a right secured by the constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state law. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.C. 1908, 1013, 68 L.Ed.2d 420 (1981).

ANSWER:    Defendant admits that there are requirements to state a claim under 42 U.S.C.A § 1983, but denies that Plaintiff has any valid claim under 42 U.S.C.A § 1983. Defendant further denies that the holding in <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981) is the law.

7.    (4.)    P. Rathke acted under color of state law in searching and seizing Plaintiff's personal effects and computer without a warrant or Plaintiff's consent in utter disregard of Plaintiff's constitutional rights/protections against unreasonable searches and seizures by his own admissions in his report  (See attached Exhibit A) on December 3, 2006 at 54 Washington Blvd, Apt. 106, Mundelein, IL 60060.

ANSWER:    Defendant admits that at all times relevant herein he was acting under color of law.  Defendant admits that he did not obtain a warrant before conducting the search of the premises and seizure of property.  Defendant denies that he acted without valid consent and denies that he violated any of Plaintiff's rights.

8.    (5.)    The traditional definition of acting under color of state law requires that the defendant in a 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." <u>United States v. Classic</u>, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

ANSWER:    Defendant admits that at all times relevant herein he was acting under color of law.

9.    (6)    P. Rathke satisfies his threshold by virtue of his employment with the Mundelein Police with authority sanctions covered by the State of Illinois and his actions of searching and seizing Plaintiff's personal effects without a warrant or Plaintiff's personal consent and placing these documents and materials into evidence on December 3, 2006 by his own admissions in his report (see attached Exhibit A) constitutes a gross disregard of Plaintiff's constitutional protection against unreasonable searches and seizures without a warrant or personal consent this in violation of Plaintiff's constitutional rights under United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

ANSWER:    Defendant admits that at all times relevant herein he was acting under color of law. Defendant denies all other allegation contained in paragraph 9 (6).

10.    (7).    In Lugar v. Edmondson Oil Co., Supra, the court made clear that if a defendant's conduct satisfies the state action requirement of the Fourteenth Amendment, "that conduct [is] also action under color of state law and will support a suit under § 1983." Id., 457 U.S., at 935, 102 S.Ct., at 2752. In the circumstances of this case, P. Rathke's infringement of Plaintiff's federal rights is fairly attributable to the state." Lugar, 457 U.S., at 937, 102 S.Ct., at 2753.

ANSWER:    Defendant admits that at all times relevant herein he was acting under color of law. Defendant denies all other allegation contained in paragraph 10 (7).

11.    (8).    Furthermore, state action, "the deprivation must be caused by the exercise of some right or privilege created by the state and in this matter P. Rathke's employment with law enforcement gave him his right and the State of Illinois is responsible and P. Rathke may be fairly said to be to be a state actor."

ANSWER:    Defendant admits that at all times relevant herein he was acting under color of law.  Defendant denies all other allegation contained in paragraph 11 (8).

12.    It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the state.  See Monroe v. Pape, 365 U.S, at 172, 81 S.Ct., at 476.  This generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.  See e.g., Parratt v. Taylor, U.S., at 535.

ANSWER:    Defendant admits that at all times relevant herein he was acting under color of law.  Defendant denies all other allegation contained in paragraph 12 (8).

13.    P. Rathke, per his admissions in his report, after ascertaining that Plaintiff's wife/spouse had no knowledge of the contents in the lockbox since it was the exclusive property/personal effect of Plaintiff, proceeded to go under the master bedroom bed and remove the lockbox and take the Omega suit case, found the keys and searched the contents.

ANSWER:    Defendant admits that he conducted a legal search of the premises and seized certain property pursuant to the verbal and written consent of the Plaintiff's spouse, the mother of the victim who resided at the subject premises.  Defendant denies the remaining allegations and inferences contained in paragraph 13 (8).

14.    Also per her own admissions, Plaintiff's spouse told him that Plaintiff had possession of both keys to the lockbox and suitcase implying exclusive control by Plaintiff.

ANSWER:    Defendant admits that Plaintiff's spouse indicated Plaintiff might have the keys to both locks and gave her permission to remove the lockbox and suitcase from the

premises.   Defendant denies the remaining allegations and implications contained in paragraph 14 (8).

15.     P. Rathke proceeded to search and seize these effects.

ANSWER:   Defendant admits that, pursuant to Plaintiff's spouse's consent, he searched the contents of the lockbox and suitcase at the police station after locating the key at the police station.

16.     (9.)     The Defendant's presumption of innocence of the infringement of Plaintiff's federal rights has been extinguished by his own admissions his report of his actions on December 3, 2006 (see Exhibit A) and cannot imply that Plaintiff's consent to this search and seizure on December 4, 2006 at 10:45 a.m. more than 12 hours later suffices for proper conduct (see attached consent form signed by Plaintiff on December 4, 2060 as Exhibit B) or consent on December 3, 2006.

ANSWER:   Defendant admits that Plaintiff signed a written consent form himself on December 4, 2006 for the search of the computer files.  Defendant denies the remaining allegations and implications contained in paragraph 16 (9).

17.     (10.)     Moreover, the consent form signed givens only Officer Hergett the consent and not Officer P. Rathke.

ANSWER:   Defendant admits that Plaintiff signed a written consent form on December 4, 2006 for the search of the computer files.  Defendant denies the remaining allegations and implications contained in paragraph 17 (10).

18.     This calls into question the disingenuousness of the police department to ask consent to search documents or materials already in their possession for more than 10

hours later, when Plaintiff has been put under arrest and not free to come and go as he wishes as of December 4, 2006. (See attached Exhibit B).

ANSWER:    Defendant denies the allegations and implications contained in paragraph 18 (10).

19.    Such elements are present which should compel this Honorable Court to refuse to exercise it's discretion in favor of the Defendant's forth coming Motion for Summary Judgment for failure to state a claim with the overwhelming manifest evidence against the Defendant, P. Rathke #207. (His report)

ANSWER:    Defendant denies the allegations and implications contained in paragraph 19 (10).

## OPINIONS AND OTHER CLAIMS

20.    (I)    Those fundamental principles of liberty and justice which lie at the base of our civil and political institutions as a nation are at stake here, and Defendant's conduct constitutes a violation of these fundamental principles Powell v. Alabama, 287 U.S. 45, 67, 53 S. Ct. 55, 77 L.Ed 158 (1932). To grant summary judgment to defendant to will simply send the wrong message to this defendant and others who have an inherent contempt for our constitutional protections against tyranny and searches and seizures. Without reason or probable cause or warrants.

ANSWER:    Defendant denies the allegations and implications contained in paragraph 20 (I).

21.    (II)    Plaintiff's original complaint has apparently given the wrong impression to this Honorable Court as a contest of his state conviction.

ANSWER:    Defendant denies any allegation contained in paragraph 21.

22.     On the contrary the Plaintiff's motive was not so, since he has already appealed his conviction in the Appellate Court for the Second Judicial District  (see attached court orders from Appellate Court as Exhibits C, D. and E) and therefore will not be needing relief from the Federal Courts per his conviction in a state court.

ANSWER:     Defendant denies any allegation contained in paragraph 22.

23.     This Complaint was not collateral attack on his conviction but a request for redress and money damages for infringement of his federal rights by P. Rathke and others.

ANSWER:     Defendant denies that Plaintiff is entitled to any relief whatsoever.

24.     (III)     Plaintiff has all intentions of initiating legal action against his public defender and Lake County under the doctrine of respondeat superior (blanket supervisory liability) by alleging articulately  and proving that Ms. Mencute conspired with police and prosecutors (state actors) under Section 42 U.S. C § 1985(a), 1986 or other statute in an upcoming legal action by preponderance of evidence from his findings of the Appellate Court rulings and investigation by the Second Judicial District.

ANSWER:     Defendant denies any allegation contained in paragraph 24 (III).

25.     Moreover, with the same findings Plaintiff intends to prove the same claims in the original complaint against the Village of Mundelein for the conduct of Officer Rathke #207 and others in depriving him of his liberty without due process (federal rights) of law (false arrest).

ANSWER:     Defendant denies any allegation contained in paragraph 25 (III).

26.     Nonetheless Plaintiff is grateful for the "foot in the door" this Honorable Court has granted him on this sole claim of violation of his constitutional/federal

causation of action against/protection from searches and seizures of his personal effects without a warrant and his personal consent on December 3, 2006. A.D. at 54 Washington Blvd., Apt. 106, Mundelein, IL 60060.

ANSWER:    Defendant denies any allegation contained in paragraph 26 (III).

27.    Plaintiff intends to demonstrate that his conviction will be invalidated by the Second Judicial District Appellate Court and thus his cause of action for money damages shall accrue at such time. The tentative timetable for that to occur has been set by Appellate Court for the next six months (see Exhibit D revised time table) May, 2008. Thus agrees this Honorable Court to feel free to grant hearings in the distant reasonable time after the invalidation of his conviction thus proceeding liberally.

ANSWER:    Defendant denies any allegation contained in paragraph 27 (III).

28.    Plaintiff states that he has a free standing claim (legitimate) of innocence and the DNA evidence is a sure assortment of that claim before the Appellate Court. Thus it is/there is reasonable/sure probability that the result of these proceedings will be favorable to Plaintiff.

ANSWER:    Defendant denies any allegation contained in paragraph 28 (III).

## CLAIM FOR AWARD OF MONEY DAMAGES

29.    (a)    Defendant's actions deprived Plaintiff of his liberty without due process of law.

ANSWER:    Defendant denies any allegation contained in paragraph 29 (a).

30.    (b)    Defendant's actions damaged Plaintiff's reputation in society by a preponderance of his conduct.

ANSWER:    Defendant denies any allegation contained in paragraph 30 (b).

31.    (c)    Defendant's actions deprived Plaintiff of the pleasure of living by his absence from his wife (Hedomie).

ANSWER:    Defendant denies any allegation contained in paragraph 31 (c).

32.    (d)    Defendant's actions caused mental anguish, pain and suffering by his incarceration and separation from his children, friends and family.

ANSWER:    Defendant denies any allegation contained in paragraph 32 (d).

33.    (e)    Defendant's actions caused loss of earnings for the Plaintiff who has two bachelor degrees in political science and international studies obtained at Makerere University, Kampola Uganda and Loyola University, Chicago, IL respectively has diploma in paralegal studies.

ANSWER:    Defendant denies any allegation contained in paragraph 33 (e).

34.    (f)    Defendant's actions caused loss of chances for advancement in the social ladder as he speaks sixteen foreign languages.

ANSWER:    Defendant denies any allegation contained in paragraph 34 (f).

WHEREFORE, Defendant, PHILLIP RATHKE, prays that judgment be entered in his favor and against the Plaintiff plus costs of suit and attorneys fees for the frivolous filing of this claim.

## AFFIRMATIVE DEFENSES AND JURY DEMAND

1.    At all times relevant herein, Defendant acted pursuant to lawful consent.

2.    At all time relevant herein, Defendant was entitled to qualify immunity for his conduct in search the subject premises and seizing material evidence.

3.    The sole proximate cause of Plaintiff's alleged damages and injuries are a direct result of his own misconduct in the engagement of a heinous crime against a minor.

4.    Plaintiff's claim is barred to the extent he failed to mitigate his own alleged damages.

Defendant demands Jury Trial.

Dated: 01/29/08

By:    /s/ John F. O'Reilly
       O'REILLY LAW OFFICES
       Attorneys for Defendant
       1751 S. Naperville Rd, #101
       Wheaton, IL  60187
       Telephone:  630/665-4444
       Attorney No. 6209668
       E-mail:  oreillylaw@msn.com