## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6211 | 2/5/08 DATE | 2-5-08 |
| CASE TITLE | Moses Twgume a/k/a Tegume (#R-60977) vs. Mary Katherine Foy, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to present documents [#15] is denied. The plaintiff's motion to stop collecting installment payments toward the statutory filing fee [#21] is denied. The plaintiff's motion to reconsider appointing counsel [#24] is denied. The plaintiff's motion to reconsider rejoining public defender to lawsuit [#28] is denied.

■ [For further details see text below.]   Docketing to mail notices.

---

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, an evidence technician who works for the Mundelein Police Department, violated the plaintiff's constitutional rights by conducting an illegal search and seizure. More specifically, the plaintiff alleges that the defendant searched and seized the plaintiff's personal effects without a warrant and without the plaintiff's personal consent. This matter is before the court for ruling on pending motions.

The plaintiff's motion to present documents is denied his exhibits are stricken. First, loose exhibits are not permitted. They may be filed only in conjunction with a motion (such as for summary judgment) or at trial. No proof of the plaintiff's claim is needed at this time.

The plaintiff's motion to stop collecting installment payments toward the statutory filing fee is likewise denied. The court's Fiscal Department confirms that the court has not yet received the $350.00 filing fee.

The plaintiff's motion to reconsider appointing counsel is also denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), citing 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129

(COUNSEL)

mjm

F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruit v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the plaintiff has articulated a colorable claim, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting his case, notwithstanding his lack of a legal education. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied.

Finally, the plaintiff's motion to reconsider reinstatement of the public defender as a defendant in this lawsuit is denied. As discussed in the court's Minute Order of December 18, 2007, the plaintiff cannot sue his defense attorney for conspiring with state actors without calling into question the validity of his underlying criminal conviction. However, dismissal is without prejudice to refiling suit should the plaintiff's appeal result in reversal of his conviction, as he anticipates.