UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MOSES TUGUME, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | NO: 07 C 6211 |
| | ) | Honorable John Darrah |
| PHILLIP RATHKE, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now comes the Defendant, PHILLIP RATHKE, by and through his attorneys, O'REILLY LAW OFFICES, and as for his Memorandum of Law in support of his Motion for Summary Judgment pursuant to Rule 56.1(a)(2), states as follows:

### INTRODUCTION

The Plaintiff, Moses Tugume, Sr., has brought this claim pursuant to 42 U.S.C.A. § 1983 alleging that the Defendant, Phillip Rathke, violated his Fourth Amendment Rights when he performed a search of his residence and a search and seizure of his personal effects. (SOF ¶¶ 1-2).[1] Defendant, Officer Rathke, filed his answer and affirmative defenses herein denying the material allegations and raising affirmative defenses that Officer Rathke acted pursuant to valid consent and that he is entitled to qualified immunity. (SOF ¶ 3).

### UNDISPUTED FACTS

On December 3, 2007, the Mundelein Police Department received a 911 call reporting a crime at 54 Washington Street in Mundelein, Illinois. Several Mundelein police officers responded to the scene where they found Moses Tugume, the minor victim, and the complaining

---

[1] "SOF" refers to Defendant Rathke's Statement of Facts.

witness in the parking lot at 54 Washington Street in Mundelein. (SOF ¶¶ 8-9). Plaintiff, Moses Tugume, was arrested in the parking lot at the apartment building at 54 Washington Street in Mundelein, Illinois and charged with criminally sexually assaulting his nine-year-old step daughter. (SOF ¶10). Following Tugume's arrest, Officer Phillip Rathke, arrived at the scene of 54 Washington Street, apartment #106, in Mundelein, Illinois for the purpose of serving as an evidence technician. (SOF ¶¶ 10-12).

The Mundelein police department contacted Rosita Medina, who was Tugume's wife and the natural mother of the victim, and they requested her presence at 54 Washington Street, apartment #106, in Mundelein, Illinois to alert her of the crime and to request her consent for a search and seizure of evidence located at 54 Washington Street, apartment #106, in Mundelein. (SOF ¶¶ 5, 14, 30-33). After arriving at 54 Washington Street, apartment #106, in Mundelein, Officer Rathke waited until Rosita Medina arrived and provided her unequivocal verbal and written consent to search any and all areas inside the apartment and seize any and all evidence necessary for the investigation. (SOF ¶¶ 15-20, 24-26). Prior to his search and removal of evidence from the scene, Rosita Medina represented that she had authority to consent and that she freely gave her consent for the search and seizure of all of the evidence removed from the scene. (SOF ¶¶ 21-26). Moses Tugume was not present during any portion of Officer Rathke's search of the premises and seizure of evidence. (SOF ¶¶ 10, 12, 27-29).

On December 3, 2007, Rosita Medina was the wife of Moses Tugume. She is the mother of the minor victim of his criminal sexual assault. (SOF ¶¶30-33). On December 3, 2007, she was the tenant and leaseholder of the residence at 54 Washington Street, apartment #106, in Mundelein, Illinois. (SOF ¶¶ 33-34, 43). She jointly utilized all areas of the residence at 54 Washington Street, apartment #106, in Mundelein and she jointly utilized the subject safe,

computer and suitcase. (SOF ¶¶ 44). She freely and knowingly gave her unequivocal consent to the search and seizure of any and all evidence, which could potentially aid in the investigation of Moses Tugume's crime. (SOF ¶¶17-26, 30-45). At all times she had authority to provide valid consent to all aspects of Officer Rathke's search and seizure. (SOF ¶¶ 5, 21, 30-38, 43-44). At all times she represented that she had authority to provide valid consent to all aspects of Officer Rathke's search and seizure. (SOF ¶¶ 5, 21, 23, 30-38, 43-44). Rosita Medina signed the written consent form prior to Officer Rathke's performance of his search and seizure of evidence at 54 Washington Street, apartment #106, in Mundelein. (SOF ¶¶14-20, 42, 45).

At no time did Moses Tugume object to the search and seizure of evidence at 54 Washington Street, apartment #106, in Mundelein. (SOF ¶¶27-29). In fact, Moses Tugume voluntarily signed a consent form on December 4, 2007 allowing the Mundelein Police Department to search computer files on a computer that they seized pursuant to Rosita Medina's consent on December 3, 2007. (SOF ¶46).

At his deposition, Plaintiff was asked to describe what it is he believes Officer Rathke did that violated his rights and Plaintiff replied that the basis of his claim against Officer Rathke is his search and seizure of Plaintiff's lockbox, computer and suitcase. (SOF ¶47-48). Specifically, at page 52 of his deposition, Plaintiff was asked, "We've talked about the computer. We've talked about the lockbox and the Omega suitcase and their contents. Is there anything else now that we haven't talked about that doesn't fall within one of those three categories? Plaintiff answered unequivocally, "To me, that's what I feel was violated. Plaintiff was asked again, "So those three things are the subject matter of your claim? To which he replied, "Yeah. Anything else -- I have no quibble with Mr. Rathke. I'm just sorry he's in -- I'm sorry he's in this situation." (SOF ¶48).

## ARGUMENT

### Applicable Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also* Flores v. Preferred Tech. Group, 182 F.3d 512, 514 (7th Cir.1999). The initial burden of demonstrating the absence of a genuine issue of material fact falls to the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmovant, however, must do more than simply show that there is some "metaphysical doubt" as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmovant must produce "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Carter v. American Oil Co., 139 F.3d 1158, 1161 (7th Cir.1998). In a case where, as here, the nonmoving party bears the burden of proof, he must offer sufficient evidence to establish each element of his case and may not rest on the pleadings alone to defeat summary judgment. *See* Filipovic v. K & R Express Sys., Inc., 176 F.3d 390, 395 (7th Cir.1999). *Quoting from* Pickett v. Ingalls Memorial Hospital, 2001 WL 11552276 (N.D. Ill. 2001).

**A.     Since there is no genuine dispute that Officer Rathke conducted his search and seizure of the subject evidence pursuant to the lawful consent of the Plaintiff's wife, Rosita Medina, Officer Rathke did not violate the Plaintiff's Fourth Amendment rights.**

Plaintiff has made it clear that the subject of his claim is premised upon Officer Rathke's conduct in that he searched and seized his computer, lockbox and suitcase without a warrant. (SOF ¶47-48).    However, there is no genuine dispute that Rosita Medina voluntarily provided her verbal and written authorized consent for Officer Rathke to search their residence, seize the subject computer, lockbox and suitcase and open the same. (SOF ¶¶ 5, 17-23, 30-38, 43-44). Under the law, Officer Rathke did not violate the Plaintiff's rights.  The Fourth Amendment permits police to conduct a warrantless search without probable cause if an individual, with

authority or apparent authority, voluntarily consents to the search.  United States v. Matlock, 415 U.S. 164, 170 and 177, *n. 4 and 14*, 94 S.Ct. 988, 996, *n. 4 and 14*, 39 L.Ed.2d 242 (1974) and U.S. v. Duran, 957 F.2d 499 (7th Cir. 1992).  Based on the undisputed evidence that Rosita Medina provided her authorized consent to Officer Rathke's search and seizure of the subject premises and evidence, this Court should enter summary judgment in favor of Officer Phillip Rathke.

Even if Plaintiff disputes whether Rosita Medina possessed actual authority to consent to the subject search and seizure of the lockbox and suitcase[2], this Court should find that there is no question a fact as to her apparent authority to consent to the search.  It is undisputed that she was the wife of the Plaintiff, the mother of the victim, the sole signatory to the lease for the subject residence, and that she represented that she owned and jointly utilized the subject lockbox, suitcase and computer.  The Court in Illinois v. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990) held it would be unjustifiably impractical to require the police to take affirmative steps to confirm the actual authority of a consenting individual whose authority was apparent.  Therefore, Officer Rathke did not violate any constitutional right as he, at a minimum, reasonably relied upon Rosita Medina's apparent authority to consent to the subject search and seizure of evidence.

**B.    Officer Rathke is entitled to qualified immunity as his conduct could reasonably have been thought consistent with the Fourth Amendment rights.**

Government officials may raise qualified immunity as an affirmative defense to actions brought against them under 42 U.S.C. § 1983.  Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1924, 64 L.Ed.2d 572 (1980). In Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court held that "government officials performing discretionary

---

[2] In his deposition, Moses Tugume acknowledged that Rosita Medina jointly utilized the subject computer.  (SOF ¶¶21-23, 35-37, 44).

functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738. Harlow thus announced an objective standard for determining whether a government officer is entitled to qualified immunity. *Id.* at 816-19, 102 S.Ct. at 2737-39. In that regard, a "law enforcement officer who participates in a search that violates the Fourth Amendment may [not] be held personally liable for money damages if a reasonable officer could have believed that the search comported with the Fourth Amendment." Anderson v. Creighton, 483 U.S. 635, 636-37, 107 S.Ct. 3034, 3037, 97 L.Ed.2d 523 (1987).

In the present case, Rosita Medina freely gave her unequivocal consent to search the entire residence and to seize, remove, open and search the subject lockbox, computer and suitcase. She represented that she had authority to give consent. (SOF ¶¶ 5, 17-26, 30-45). As of December 3, 2007, Officer Rathke's conduct in effectuating the subject search and seizure did not violate any clearly established right under the Fourth Amendment. Even arguendo, if this Court were to find there exists a question of fact as to the actual or apparent authority for Rosita medina's consent, this Court should nonetheless find that summary judgment in favor of Officer Rathke is appropriate as he is entitled to qualified immunity.

## **CONCLUSION**

Based upon the undisputed facts in this case, Officer Phillip Rathke conducted his search and seizure of evidence pursuant to lawful consent of Rosita Medina; and therefore, he should be entitled to summary judgment as a matter of law. Alternatively, this Court should enter summary judgment as Officer Rathke is entitled to qualified immunity as he did not knowingly violate any clearly established right under the Fourth Amendment.

WHEREFORE, based upon the foregoing, the Defendant, Phillip Rathke, respectfully requests this Honorable Court enter an order granting summary judgment in his favor and against the Plaintiff with prejudice and with costs.

>                        Respectfully submitted,
>
>                        O'REILLY LAW OFFICES
>
>
>                        By:   /s/ John F. O'Reilly
>                                John F. O'Reilly

Dated:  6-17-08

O'REILLY LAW OFFICES
Attorneys for Defendant
1751 S. Naperville Rd., #101
Wheaton, IL  60187
Telephone:  630/665-4444
Attorney No. 6209668
E-mail:  oreillylaw@msn.com