UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MOSES TUGUME, SR., )<br>)<br>      Plaintiff, )<br>)<br>-vs- )<br>)<br>PHILLIP RATHKE, )<br>)<br>      Defendant. ) | NO: 07 C 6211<br>Honorable John Darrah<br>Magistrate Judge Cole |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE DISPUTE PURSUANT TO 56.1(a)(3)**

Now comes the Defendant, PHILLIP RATHKE, by and through his attorneys, O'REILLY LAW OFFICES, and as for his Statement of Material Facts to which there is no genuine dispute, state as follows:

**PROCEDURAL HISTORY**

1. On November 2, 2007, the pro-se Plaintiff, Moses Tugume, filed a Complaint at Law against numerous Defendants. (*See* Exhibit A, Plaintiff's Complaint at Law).

2. Subsequently, this Court entered an order dismissing the claims against all of the named Defendants with the exception of the claim against Officer Phillip Rathke. (*See* Exhibit B, Court's order dated December 18, 2007).

3. Therefore, the only remaining cause of action is an allegation that Officer Phillip Rathke of the Mundelein Police Department violated Plaintiff Fourth Amendment Rights when he conducted his search and seizure of evidence at 54 Washington Street, apartment #106, in Mundelein, Illinois on December 3, 2007. (*See* Exhibit B, Court's order dated December 18, 2007, and Exhibit C, a copy of Defendant Rathke's Answer, Affirmative Defenses and Jury Demand).

## PARTIES

4. Plaintiff, Moses Tugume, is currently an inmate of Big Muddy River Correctional Center in Ina, Illinois. (Tugume deposition p. 7).

5. On December 3, 2007, he resided with his wife, Rosita Medina, and their children at 54 Washington Street, apartment #106, in Mundelein, Illinois, in the Northern District of Illinois. (Tugume deposition p. 8, Medina Affidavit ¶1-4).

6. Defendant, Phillip Rathke, is a patrol officer and evidence technician employed with the Village of Mundelein Police Department located at 221 North Lake Street, in Mundelein, Illinois, 60060, in the Northern District of Illinois. (Rathke Affidavit ¶ 1-2).

## JURISDICTION

*7.* This Court has jurisdiction to hear and resolve this matter by virtue of the Fourth Amendment and 42 U.S.C. § 1983.

## UNDISPUTED FACTS

8. On December 3, 2007, several Mundelein police officers responded a 911 call reporting a crime at 54 Washington Boulevard in Mundelein, Illinois. (Rathke Affidavit ¶ 2-4, Police reports were filed by Plaintiff as ECF #5 and sealed by this Court).

9. Several Mundelein police officers responded to the scene where they found Moses Tugume, the minor victim, and the complaining witness in the parking lot at 54 Washington Street in Mundelein. (Rathke Affidavit ¶3; Tugume deposition pp.12-14, Police reports were filed by Plaintiff as ECF #5 and sealed by this Court).

10. Plaintiff, Moses Tugume, was arrested in the parking lot of the apartment building at 54 Washington Street in Mundelein, Illinois and charged with criminally sexually assaulting his nine year old step daughter. After the Police arrived Moses Tugume did not have the

opportunity to return to the residence at 54 Washington, #106, in Mundelein.  (Rathke Affidavit ¶ 3, 16-17; Tugume deposition p.13, Medina ¶ 19).

11. On December 3, 2006, Phillip Rathke was dispatched to 54 Washington Boulevard in Mundelein, Illinois for the purposes of serving as an evidence technician with respect to the investigation of Moses Tugume's criminal sexual assault of a minor. (Rathke Affidavit ¶2).

12. On December 3, 2006, upon Rathke's arrival at the residence at 54 Washington Boulevard, Apt. 106, in Mundelein, Illinois, Moses Tugume was in custody for the criminal sexual assault of a minor victim. (Rathke Affidavit ¶3).

13. On December 3, 2006, after confirming there was no one else inside the apartment, Officer Perdue stood at the doorway of the apartment to maintain security while Phillip Rathke conducted a search of the outside open porch area and parking lot to determine whether there was a knife in the area consistent with the report of the victim's aunt. (Rathke Affidavit ¶4).

14. The Mundelein police department contacted Rosita Medina and requested her presence at 54 Washington Street, apartment #106, in Mundelein, Illinois to alert her of the crime and to request her consent for a search and seizure of evidence located at 54 Washington Street, apartment #106, in Mundelein.  (Medina Affidavit ¶6-8).

15. Phillip Rathke waited for Rosita Medina to arrive before conducting a search of the inside of the premises. (Rathke Affidavit ¶5).

16. When Rosita Medina arrived, the Mundelein Police Department informed Rosita Medina of the report of the criminal sexual assault of her minor daughter by her husband, Moses Tugume. (Rathke Affidavit ¶6, Medina Affidavit ¶6-8).

17. After Rosita Medina was informed of the situation, Phillip Rathke requested her verbal permission and written consent to search the premises at 54 Washington Boulevard, Apt. 106, and to seize evidence, which might aid in the investigation of the crime committed against her daughter by Moses Tugume. (Rathke Affidavit ¶6, Medina Affidavit ¶6-8).

18. On December 3, 2006, prior to Rathke's search for of the subject apartment, Rosita Medina freely and willingly gave her unequivocal verbal and written consent to search the entire premises and to take any and all items or documents, which might aid in the investigation of the crime committed by Moses Tugume against her daughter. (Rathke Affidavit ¶6-15, Medina Affidavit ¶8-21).

19. Rosita Medina gave her unequivocal verbal consent to search and seize evidence necessary for the investigation in all areas of the apartment and any and all property located at 54 Washington, Apt. 106, including but not limited to the subject computer, lockbox and Omega suitcase. (Rathke Affidavit ¶6-15, Medina Affidavit ¶8-21).

20. On December 3, 2006, Rosita Medina signed a written consent form for the search and seizure of any and all property located at 54 Washington Boulevard, Apt. 106, in Mundelein, Illinois. (Rathke Affidavit ¶6-9, Medina Affidavit ¶8, 9, 12, 16, 19-21).

21. On December 3, 2006, Rosita Medina informed Phillip Rathke that she was the tenant of the residence and the owner and joint possessor of the property located therein, including but not limited to the subject computer, lockbox and Omega suitcase. (Rathke Affidavit ¶10-15, Medina Affidavit ¶11-15).

22. At no time has anyone suggested to Phillip Rathke that Rosita Medina was not the true owner, tenant and possessor of the residence and joint possessor of the personal property

at 54 Washington Boulevard, Apt. 106 in Mundelein, Illinois. (Rathke Affidavit ¶6-15, Medina Affidavit ¶11-15).

23. At the time and prior to Rathke's search and seizure of all of the property seized, Rosita Medina represented that she had authority to consent and that she freely gave her consent for the search and seizure of all of the evidence removed from the scene. (Rathke Affidavit ¶6-15, Medina Affidavit ¶6-21).

24. Rosita Medina specifically authorized Phillip Rathke to seize the subject computer and search its files. (Rathke Affidavit ¶6-15, Medina Affidavit ¶11-21).

25. Rosita Medina specifically authorized Phillip Rathke to seize the subject lockbox, to open it and search and seize its contents. (Rathke Affidavit ¶6-15, Medina Affidavit ¶11-21).

26. Rosita Medina specifically authorized Phillip Rathke to seize the subject Omega suitcase, to open it and search and seize its contents. (Rathke Affidavit ¶6-15, Medina Affidavit ¶11-21).

27. Moses Tugume was not present during any portion of Officer Rathke's search of the premises and seizure of evidence or at any time while Phillip Rathke was present inside the subject apartment #106, 54 Washington in Mundelein, Illinois for purposes of conducting the search. (Rathke Affidavit ¶ 3, 16-17; Tugume deposition p.13, Medina ¶ 19).

28. At no time while Phillip Rathke was present inside the subject apartment #106, 54 Washington in Mundelein, Illinois for purposes of conducting a search did Moses Tugume object to the search of the subject residence over the consent and permission of Rosita Medina. (Rathke Affidavit ¶ 3, 17; Medina ¶ 19).

29. Moses Tugume cannot identify Officer Phillip Rathke as he has no recollection of ever having seen of Officer Phillip Rathke. (Tugume p. 12).

30. Rosita Medina is the natural parent/mother of the minor victim involved in the subject arrest of Moses Tugume on December 3, 2006. (Medina ¶ 1).

31. On April 9, 2003, Rosita Medina legally married Moses Tugume. (Medina ¶ 2).

32. On November 7, 2007, Rosita Medina legally divorced Moses Tugume. (Medina ¶ 3).

33. On and before December 3, 2006, Rosita Medina resided with her two children and her husband at the time, Moses Tugume, at 54 Washington Boulevard, Apt. 106, in Mundelein, Illinois. (Medina ¶ 4).

34. On and before December 3, 2006, Rosita Medina was the sole signatory to the lease for 54 Washington Blvd., Apt. 106, in Mundelein, Illinois and Rosita Medina routinely utilized and accessed all areas of her home. (Medina ¶ 5).

35. On and before December 3, 2006, the subject computer was jointly used by both Rosita Medina and Moses Tugume. (Tugume deposition pp. 35-37, 47, and 52; Medina ¶ 11).

36. The lockbox was originally purchased by Rosita Medina prior to her marriage with Moses Tugume was jointly used by both Rosita Medina and Moses Tugume. (Medina ¶ 13-14).

37. At the time Rosita Medina gave verbal consent to Officer Rathke to search, open and seize the lockbox on December 3, 2006, Rosita Medina informed Officer Rathke that Rosita Medina owned the lockbox and that the keys to her lockbox might be in the possession of Moses Tugume. (Rathke Affidavit ¶ 10-15; Medina ¶ 15).

38. At that time on December 3, 2006, Rosita Medina specifically gave her unequivocal verbal and written consent to seize, open and search a suitcase and its contents, which

might aid in the investigation of the crime committed by Moses Tugume against her daughter. (Rathke Affidavit ¶ 6-15; Medina ¶ 16).

39. At no time was Rosita Medina subjected to any coercion by any member of the Mundelein Police Department, including Officer Rathke, in the provision of her consent to the search and seizure of evidence from her home on December 3, 2006. (Rathke Affidavit ¶ 6-15; Medina ¶ 6-21).

40. At the time Rosita Medina gave Officer Rathke her verbal and written consent to search her premises, her lockbox, the suitcase and her computer, Moses Tugume was not present as he had already been taken into custody. (Rathke Affidavit ¶ 3, 16-17; Tugume deposition p.13, Medina ¶ 19).

41. Prior to Officer Rathke requesting Rosita Medina's consent for the search and seizure of the premises and property located at 54 Washington Blvd., he advised her of her right to refuse the search and seizure and to require the Mundelein Police Department to obtain a search warrant. (Rathke Affidavit ¶ 9; Medina ¶ 20-21).

42. The attached consent form is a true and accurate copy of the written consent form that Rosita Medina signed on December 3, 2006, which bears her true and accurate signature. (Rathke Affidavit ¶ 9; Medina ¶ 20-21).

43. On December 3, 2007, Rosita Medina was the tenant and leaseholder of the residence at 54 Washington Street, Apartment #106, in Mundelein, Illinois. (Tugume deposition p. 10-11, Medina Affidavit ¶4-5).

44. She jointly utilized all areas of the residence at 54 Washington Street, apartment #106, in Mundelein and she jointly utilized the subject safe, computer and suitcase. (Medina Affidavit ¶4-5, 10-17).

45. Rosita Medina signed the written consent form prior to Officer Rathke's performance of his search and seizure of evidence at 54 Washington Street, apartment #106, in Mundelein. (Rathke Affidavit ¶ 3-; Medina ¶ 20-21).

46. Moses Tugume voluntarily signed a consent form on December 4, 2007 allowing the Mundelein Police Department to search computer files on a computer that they seized pursuant to Rosita Medina's consent on December 3, 2007. (Tugume Deposition p. 29 and Tugume Deposition Exhibit 3, a copy of the consent form with Moses Tugume's signature).

47. The basis of Plaintiff's claim against Officer Rathke is his search and seizure of the subject lockbox, computer and suitcase. (Tugume deposition pp. 35-37, 47, 52).

48. Specifically, at page 52 of his deposition, Plaintiff was asked, "We've talked about the computer. We've talked about the lockbox and the Omega suitcase and their contents. Is there anything else now that we haven't talked about that doesn't fall within one of those three categories? Plaintiff answered unequivocally, "To me, that's what I feel was violated. Plaintiff was asked again, "So those three things are the subject matter of your claim? To which he replied, "Yeah. Anything else -- I have no quibble with Mr. Rathke. I'm just sorry he's in -- I'm sorry he's in this situation." (Tugume deposition p. 52).

        Respectfully submitted,

        O'REILLY LAW OFFICES


        By:   /s/ John F. O'Reilly
              John F. O'Reilly

Dated: 6-17-08

O'REILLY LAW OFFICES
Attorneys for Defendant
1751 S. Naperville Rd., #101
Wheaton, IL 60187
Telephone: 630/665-4444
Attorney No. 6209668
E-mail: oreillylaw@msn.com