UNITED STATES DISTRICT COURT   Court Copy
NORTHERN DISTRICT OF ILLINOIS, EASTERN

**FILED**
JUL 3 2008
Jul 3, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MOSES TUGUME, SR.,

Plaintiff

No: 07 CV 6211

-Vs-

Hon. John W Darrah

PHILLIP RATHKE,

Hon. Jeffrey Cole

Defendant.

Judges, Presiding

## Plaintiff's Response to Defendant's Motion for Summary Judgment and Plaintiff's Move and Request for Leave to Cross-Move for Summary Judgment:

Now Come the Plaintiff, Moses Tugume, SR by and through Prose and Pursuant to Rule 56(e) of the Federal rules of Civil Procedure and Local 56.1 of this Honorable Court respectfully Prays this Honorable Court for Permission To Respond and allow Leave to Cross Move for Summary Judgment in His Favor based on the Undisputed Facts and the Law Governoring and in Support of Said Motion, State as Follows:

1 (A) The Plaintiff, Moses Tugume, SR has brought this Claim Pursuant to 42 U.S.C.A § 1983 alleging that the Defendant, Philip Rathke Violated his Fourth Amendment Rights When he Performed a Search of His residence and a Search and Seizure of His Personal Effects.

ANSWER: Plaintiff admits that the Substance of this Claim

2

has been stated but deny that this claim has been completely and accurately set forth in Paragraph 1

2(b) There is no genuine dispute that Philip Rathke conducted his search of the subject residence and the search and seizure of the subject computer, lockbox and suitcase evidence pursuant to the verbal and written consent of Plaintiff's wife, Rosita Medina

ANSWER: Plaintiff concedes the facts of Paragraph 2 and argues that Constitutional Rights are Personal and do not cover actions of spouses. Thus the consent of spouse over the other spouse is illegal. As a matter of fact, Rosita Medina acted as an agent of the State, being the Mother of the alleged victim thus triggered Plaintiff's Fourth Amend. Protections against unreasonable Searches and Seizures Prohibited by the 4th Const. Amend. 4. It is also undisputed that all the Personnal EFFECTS Belonged to Moses B Tugume and Not Rosita Medina

3 (Cc) and also the Premises were Jointly owned by husband and wife.

3 (c) As such, Phillip Rathke's conduct did not violate the Plaintiff's rights. The Fourth Amendment Permits Police to Conduct a Warrantless Search Without Probable Cause If an authorized individual voluntarily consents to the Search. United States V. Matlock, 415 U.S. 164, 170 and 177, n.4 and 14, 94 S.Ct 988, 996, n.4 and 14, 39 L.Ed.2d 242 (1974) and U.S. V Duran, 957 F.2d 499 (7th Cir. 1992).

ANSWER: Plaintiff vehemently disagrees with assertion in Paragraph 3 and reargues that He did not at any time authorize Rosita Medina, Who as a State agent was not

3  acting in Plaintiff's best interests but hers and the Police.

In answering the question, whether a defendant has a reasonable expectation of Privacy in an area searched or in items seized, the purposes of determining whether the defendant has capacity to claim Fourth Amendment protection must be answered in light of the circumstances of a particular case. People v. Kidd, 178 Ill. 2d 92, 227 Ill. Dec. 463, 687 N.E. 2d 945 (1997)

Those circumstances include whether the person asserting standing has a possessory or proprietary interest in the areas or items that are involved. People v. Schafer, 946 P.2d 938 (Colo. 1997).

Also for purposes of standing to assert a Fourth Amendment violation, a possessory interest in a premise or vehicle may be established by one lawfully in possession thereof at the time of the search or has colorable interest therein.

It is also undisputed that at time of the search of my lockbox, I had the key to the lockbox on me, in my jacket, but not the key to my omega suitcase.

4  (D) Furthermore, even if this court were to find a genuine question of fact as to whether the Plaintiff's constitutional rights were violated, Officer Philip Rathke who is an official performing discretionary functions should be entitled to qualified immunity as his conduct could reasonably have been thought consistent with the rights he is alleged to have violated. Anderson v Creighton, 483 U.S. 635, 636-37, 107 S. Ct. 3034, 3037, 97 L. Ed. 2d 523 (1987).

ANSWER: Robert Mugabe's Administration in Zimbabwe is currently in need of "Officials" of Officer Rathke's

4

Crendentials and "discretionary" "Conduct" in LUE of the Laws He stands to UPHold in the State of ILLINOIS and the United States of America, it's Constitution and Laws

A traveler's Personal Luggage is an "effect" Protected by the Fourth Amendment right to be Secure against unreasonable Searches and Seizures. U.S. Const. Amend 4. Bond v. U.S., 529 U.S. 334, 120 S.Ct. 1462, 146 L.Ed.2d 365 (2000).

Law Enforcement officer's Physical Manipulation of opaque bag that Passenger Carried onto Cross-County bus and Placed in rack directly above his Seat Violated Fourth Amendment Prohibition against unreasonable Searches of effects; although bus Passenger had expectation that his bag might be handled by bus employee or other Passenger he did not have expectation that employee or other Passenger would feel bag in exploratory manner. U.S. Const. Amend.4, Bond v. U.S., 529, U.S. 334, 120 S.Ct 1462, 146 L.Ed.2d 365 (2000).

Furthermore, the Search of defendant's and victim's Apt Which Was Primarily Instigated and Conducted by the Victim's Mother, albeit With Police assistance, Was a Private Search by a Concerned Parent Looking For her Missing Pregnant daughter not a Search Where the Mother Was an agent of the State so as to trigger Constitutional Protections against unreasonable Searches and Seizures; Victim's Mother requested that the Police accompany her because of concern about a confrontation with the defendant. U.S.C.A Const. Amend.4 Virdin v. State, 780 A.2d 1024 (Del.2001

In the case at bar, the alleged Victim's Mother Rosita Medina was an agent of the State and continues to be with her affidavit in support of Defendant Rathke against her

5   ex-husband Plaintiff, Moses Tugume thus trigger of Constitutional Protections against unreasonable Searches and Seizures of Moses Tugume's Personal effects is being Pressed by Officer Rathke and with gratuitous aid from Ms Rosita Medina.

WHEREFORE, based upon the foregoing, the opposing exhibits to Defendant's Motion for Summary Judgement, the Plaintiff, Moses Tugume, SR respectfully prays this Honorable Court to enter an order denying Summary Judgment to Defendant Phillip Rathke and granting Summary Judgment in his favor as Judicial economy suggests and requests that this Honorable Court enter damages Judgement in the Amount of 10 [TEN] Million Dollars against this Defendant and order him to Return all of the Personal effects in his custody that Belongs to MR Moses B Tugume henceforth with.

Respectfully Submitted

Moses Tugume, SR

*Tugume*

Date: 6-26-2008

Moses Tugume, SR
INA - BMRCC
P.O. Box 900, INA, IL 62846
United States of America.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MOSES TUGUME, SR

  Plaintiff

-vs-

PHILLIP ROTHKE

  Defendant.

NO 07 CV 6211

HON. JOHN W. Darrah
Dist Ct.

HON. Jeffrey Cole
Magistrate Judge
Judges, Presiding

CERTIFICATE OF SERVICE

I hereby Certify that on the 27th day of June, 2008, I filed the Response To Defendant's Motion For Summary Judgement, A Declaration and Exhibits in opposition to his Statement of Material Facts to which he purports there is no Genuine Dispute Pursuant to 56.1(e) with the Clerk of the United States District Court For the Northern District of Illinois, Eastern Division

I Further Certify that on the 27th day of June, 2008 I mailed by U.S. Postal Service, with First Class Postage Prepaid, the foregoing documents to the following ECF Participant:

John F. O'Reilly
1751 S. Naperville Rd, # 101
Wheaton, Illinois 60187

By Moses Tugume /s/