UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MOSES TUGUME, SR.,

Plaintiff,

FILED

JUL 8 2008

JUL 3, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

- VS -

PHILLIP RATHKE,

DEFENDANT

NO. 07 CV 6211

HON. John W. Darrah
Dist Ct

Hon. Jeffrey Cole
Magistrate Judge

Judges, Presiding

DECLARATION [Plaintiff's] AND OPPOSING EVIDENCE OR
EXHIBITS IN OPPOSITION TO DEFENDANT'S PURPORTED
STATEMENT/S OF MATERIAL FACTS TO WHICH THERE
IS NO GENUINE DISPUTE PURSUANT TO 56.1(a)(3)
AVERRED DOCUMENT.

NOW COMES the PLAINTIFF, MOSES TUGUME, SR., by and through
Pro-se and Pursuant to RULE 56(e) of the Federal RULES of
Civil Procedure and Local RULE 56.1 of this Court and
MOVES this HONORABLE COURT FOR LEAVE TO RESPOND TO the
Purported Statements Propounded by this Defendant upon
this HONORABLE Court With A Declaration and Supporting
Papers/Documents and exhibits and States as FOLLOWS
IN RESPONSE:

(1)   On November 2, 2007, the Pro-se PLAINTIFF, MOSES TUGUME
Filed a Complaint at Law against numerous Defendants. (

(See Exhibit A, Plaintiff's Complaint at Law)

2

ANSWER: Plaintiff admits that He Filed Said Complaint at Law on Said Date.

9(II) Subsequently, this Court entered an Order dismissing the Claims against all of the named Defendants With the exception Of the Claim against Officer Philip Rathke. (See Exhibit B, Court's order dated December 18, 2007).

ANSWER: Plaintiff admits that the Court entered this order but deny Said order has been Completely and accurately Set Forth in Paragraph 2: The Court did not Want to Interfer With a State Court Conviction before Plaintiff exhausts all State remedies available to Him Under State Law (See Exhibit B Page 2 of order.)

3 (III) Therefore, the Only remaining Cause of action is an allegation That Officer Philip Rathke Of the Mundelein Police Department Violated Plaintiff Fourth Amendment Rights When he Conducted his Search and Seizure of evidence at 54 Washington Street, Apt 106, In Mundelein, Illinois on Dec 3 2007. (See Exhibit B, Court's order dated December 18, 2007, and exhibit C, a Copy Of Defendant Rathke's Answer, Affirmative Defenses and Jury Demand).

ANSWER: Plaintiff admits to Statements in Paragraph 3 but States that the Date of Violation is Incorrect as December 3 2007. (See Complaint at Law exhibit With Date as December 3 2006).

3

## PARTIES

4 (iv) Plaintiff, Moses Tugume, is currently an Inmate of Big Muddy River Correctional Center in Ina, Illinois (Tugume deposition P. 7)

ANSWER: Plaintiff admits to Facts in Paragraph 4

5 (v) On December 3, 2007, he resided with His wife, Rosita Medina, and their Children at 54 Washington Street, apartment #106, in Mundelein, Illinois in the Northern District of Illinois. (Tugume deposition P.8, Medina Affidavit 1-4)

ANSWERS: Plaintiff denies that on December 3, 2007 He lived with the above individuals or Location but rather resided in INA, Illinois 62846 at Big Muddy River C.C. Cell # 2C30. (SEE court order Exhibit B)

6 (vi) Defendant, Philip Rathke, is a Patrol Officer and evidence technician employed with the Village of Mundelein Police Department Located at 221 North Lake Street, in Mundelein Illinois, 60069 in the Northern District of Illinois (Rathke Affidavit 1-2).

ANSWER: Plaintiff admits to the Facts Purported in Paragraph 6.

## JURISDICTION

7 (vii) This Court has Jurisdiction to hear and resolve this matter by virtue of the Fourth Amendment and

and 42 U.S.C. § 1983

4

ANSWER: Plaintiff admits to the Jurisdiction of this Honorable Court to Hear Matter.

UNDISPUTED FACTS [ PURPORTED )

8 (VIII)   On December 3, 2007, Several Mundelein Police Officers responded a 911 Call reporting a Crime at 54 Washington Boulevard in Mundelein, Illinois ( Rothke Affidavit 2-4, Police reports Were Filed by Plaintiff as ECF #5 and Sealed by this Court).

ANSWER: Plaintiff denies Knowledge of the Facts in Paragraph 8 as He Was an Inmate at Big muddy River cc at INA, the Illinois 62846 in Cell # 2C30 on December 3, 2007 ( See Court order exhibit B) thus Defendant's factual allegations are not Correct.

9 (IX)   Several Mundelein Police Officers responded to the Scene Where they Found · Moses Tugume, the Minor Victim and the Complaining Witness in the Parking Lot at 54 Washington Street in Mundelein ( Rothke Affidavit 3, Tugume deposition PP 12-14, Police reports Were Filed by Plaintiff as ECF #5 and Sealed by this Court)

ANSWER: Plaintiff denies any Knowledge of Such events on December 3 2007 as He Was an Inmate at Big muddy River cc at INA, Illinois 62846. thus these Factual allegations For the above date are Incorrect. Plaintiff resided in Cell # 2C30 on December 3 2007.

5

10 (X) Plaintiff, Moses Tugume, was arrested in the Parking Lot of the apartment building at 54 Washington Street in Mundelein, Illinois and Charged With Criminally Sexually assaulting his nine year old Step daughter. After the police arrived Moses Tugume did not have the opportunity to Return to the residence at 54 Washington, #106, in Mundelein. (Rathke Affidavit 3, 16-17; Tugume deposition P. 13, Medina 19)

ANSWER: Plaintiff denies Knowledge of above factual allegations on December 3 2007 as He was Inmate No R60977 at Big muddy River CC, In Ina, Illinois 62846 in Cell# 2C30. (See court order Exhibit B)

11 (XI)  On December 3, 2006, Philip Rathke was dispatched to 54 Washington Blvd in Mundelein, Illinois For the Purposes of Serving as an evidence technician With respect to the Investigation of Moses Tugume Criminal Sexual assault of a minor (Rathke Affidavit 2).

ANSWER: Plaintiff admits the allegations but deny that Paragraph 11 tells the Whole Story or it Completely Sets forth the facts thus is Incomplete (See His Report Submitted as Exhibit No 1)

12 (XII)  On December 3, 2006, Upon Rathke's arrival at 54 Washington Blvd Apt 106, in Mundelein, Illinois Moses Tugume was in Custody for the criminal Sexual assault of a minor Victim (Rathke Affidavit 3)

ANSWER: Plaintiff denies Knowledge of Rathke's arrival

at Premises but admits to being in Custody on said Date.

6

13 (xiii) On December 3, 2006, after Confirming there was no one else Inside the apartment, Officer Perdue stood at the doorway of the apartment to maintain Security While Philip Rathke Conducted a Search of the outside Open Porch area and Parking Lot to determine Whether there Was a Knife in the area Consistent With the report of the victim's aunt (Rathke Affidavit 4)

ANSWER: Plaintiff Vehemently disputes these Self-Serving Statements made by Defendant and these don't tell the Complete Story (See Plaintiff's exhibit NO1)

14 (xiv) The Mundelein Police Department Contacted Rosita Medina and requested her Presence at 54 Washington Street, Apt #106, In Mundelein, Illinois to alert her of the Crime and to request her Consent For a Search and Seizure Of evidence, Located at 54 Washington Street, apartment #10 In Mundelein. (Medina Affidavit 6-8)

ANSWER: Plaintiff States that this is a blantent Naked Lie as alleged Victim's Mother Rosita Medina Was never Contacted Since She Was away Shopping and did not have a Cell phone to be Contacted on. (See Plaintiff's exhibit NO 1) and as a matter of Fact, alleged victim's Mother Rosita Contacted Plaintiff through the U.S. Mail on 11th of Jan 2008 For Permission to alert Plaintiff to be aware of this Lie (See exhibit 19)

7    15 (XV) Phillip Rathke Waited For Rosita Medina to arrive before Conducting a Search of the Inside of the Premises (Rathke Affidavit 5)

ANSWER: Plaintiff Vehemently disputes the above allegation as a Lie Since Rathke had Cut out Carpet Stop Spots in Premises FOR DNA evidence even before Medina Showed up on the Premises (See Plaintiff's exhibit NO: 1)

16 (XVI) When Rosita Medina arrived, the Muraelein Police Department Informed Rosita Medina of the Report of the Criminal Sexual assault of her Minor daughter by her husband, Moses Tugume (Rathke Affidavit 6, Medina Affidavit G-8)

ANSWER: Plaintiff denies any knowledge of these ~~Facts about~~ Self Serving Statements Propounded by Officer Rathke Who is Now in Cohorts With my now ex-WIFE. ~~accused~~. (See exhibit NO: 19)

17 (XVI) After Rosita Medina Was Informed of the Situation, Philip Rathke requested her Verbal Permission and Written Consent to Search the Premises at 54 Washington Blvd, Apt 106. and to Seize evidence, Which might aid in the Investigation of the Crime Commited against her daughter by Moses Tugume (Rathke Affidavit 6, Medina G-8).

ANSWER: Plaintiff disputes these Self Serving Statements and If true triggered the Constitutional Protections against

Unreasonable Searches and Seizures of Plaintiff's Personal
Effects Since now Rosita Medina Was acting as agent of
the State though being a Private Person thus in Violation
of Plaintiff's 4th Amendment Constitutional Rights Since
He had Possessory Interest in the Items Searched and
Seized and had keys to the Lockbox on his Person and
not Rosita Medina. Hence Plaintiff had an expectation of
Privacy in the Items Searched and Seized on December
3 2006 at 54 Washington Blvd #106 Including but not Limited
to the Premises Searched. (See Exhibit 3 Inventory of
Evidence all belonging to Moses Tygume and not Rosita Medina)

18 (XVIII) On December 3, 2006, Prior to Rathke's Search For
the Subject apartment, Rosita Medina Freely and Willingly
gave unequivocal Verbal and Written Consent to Search
the entire Premises and take away any and all Items or
documents, Which might aid in the Investigation of the
Crime Committed by Moses Tygume against her daughter
(Rathke Affidavit 6-15, Medina Affidavit 8-21).

ANSWER: Plaintiff disputes the allegations as Lies and
Very Contradictory to Defendant's Report exhibit NO 1
and If true Rosita Medina Was acting in her best
Interests and her daughters the alleged victim to and
the State in Illegally Searching and Seizing MrTygume's
Personal effects, Who Was the Presumed Suspect and
hence Items Searched and Seized unequivocally
belonged to Mr Tygume and not Rosita Medina [See
Exhibit NO 3 Inventory List of Property by Defendant].

19 (XIX) Rosita Medina gave her unequivocal Verbal Consent
to Search and Seize evidence necessary for the

Investigation in all areas of the apartment and any and all Property Located at 54 Washington, Apt 106, Including but not Limited to the Subject Computer, Lockbox and Omega Suitcase (Rathke Affidavit 6-15, Medina 8-21).

ANSWER: Plaintiff states that Rosita Medina as a Private Individual is Free to do Whatever She Wants, Including but not Limited to giving Consent to Searches Of her Individual Personal Property, Person, etc but not at the expense of MR Tugume's Constitutional Protections against Unreasonable Searches and Seizures to His Individual Personal Property (See Exhibit NO 3 OF Inventory OF Searched and Seized Property), Person and dwelling.

20 (xx) On December 3, 2006, Rosita Medina Signed a Written Consent Form For the Search and Seizure of any and all Property Located at 54 Washington Blvd Apt 106, in Mundelein, Illinois [ Rathke Affidavit 6-9, Medina Affidavit 8, 9, 12, 16, 19-21).

ANSWER: Again, Rosita Medina is not Moses Tugume according to the Constitution. Ms Rosita Medina Can Sign anything She Wants to Sign, Including but not Limited to Signing on Water but not at the expense OF MR Tugume's Constitutional Rights. A Careful review OF the record Indicates that the Property Searched and Seized Solely belonged to MR Tugume and not Rosita Medina. MR Tugume is the Plaintiff here Complaining not Ms Rosita Medina [ See exhibit No 3].

10    21(XXI) On December 3, 2006, Rosita Medina Informed Phillip
Rathke that She Was the tenant of the Residence
and the Owner and Joint Possessor of the Property
Located therein, Including but not Limited to the Subject
Computer, Lockbox and Omega Suitcase [Rathke Affidavit
10-15, Medina Affidavit 11-15]

ANSWER: Plaintiff States that Defendant and Rosita
Medina Can give all the False Self Serving Statements
but evidence to the Contrary exposes these blantant
Falsehoods. The Property belonged exclusively to MR
Moses Tugume [See Exhibit No 3 Inventory Search] and
not Rosita Medina [Awaiting Suppeoned receipts of
Purchase of Computer by Plaintiff FOR TRIAL Purposes],
and Personal Bank Statements]

22(XXII)   At no time has anyone Suggested to Phillip
Rathke that Rosita Medina Was not the true owner,
tenant and Possessor of the residence and Joint
Possessor of the Personal Property at 54 Washington
Blvd Apt 106 in Mundelein, Illinois (Rathke Affidavit
6-15, Medina Affidavit 11-15)

ANSWER: Plaintiff States that may be if Defendant
used Common Sense in Combination with discretion to
Know that Ms Medina Was Married, he has a husband
and not Single and thus needed Consent of Two but
not one Party he Would See Issues differently.
    Apparently Defendant is Puffed up by the
Uniform and badge he Wears and Forgets that he
is a Civil Servant not a tyrant in Citizen's dwellings.

11  Which actually have Rights guaranteed by the U.S.
Constitution and backed up by the Military Forces,
the Executive, Legistative and Judicial Branches of
the United States Government For the Last 200 Years
and going. Plaintiff Suggests Defendant Purchase a
Copy of the Federal Constitution of the United States
of America and actually read It's Contents. So
that actions Like these don't befaull him again.

23  (XXiii)  At the time and Prior to Rathke's Search and Seizure
OF all the Property Seized, Rosita Medina represented that
She had authority to Consent and that She Freely gave
her Consent For the Search and Seizure OF all OF the
evidence removed From the Scene ( Rathke Affidavit 6-15
, Medina Affidavit 6-21).

ANSWER : Plaintiff States that at no time did he give
Comsent, Implicit or explicit to Rosita Medina OR OFFicer
Rathke to Search and Seize His Personal effects [See
Exhibit No 3]

24  (XXiv)  Rosita Medina SPecifically authorized Philip
Rathke to Seize the Subject Computer and Search
It's Files. ( Rathke Affidavit 6-15, Medina Affidavit 11-21)

ANSWER :  Plaintiff States that Rosita Medina did not
own the Computer and did not have any Files on it.
See exhibit OF Purchase receipt in Moses Tygume's
Name and not Rosita Medina's [ Purchased at Gurne
Mills Mall By Moses Tygume]

12  25  (xxv) Rosita Medina Specifically authorized Phillip
Rathke to Seize the Subject Lockbox, to open it
and Search and Seize its Contents. (Rathke Affidavit
6-15, Medina Affidavit 11-21).

ANSWER: Plaintiff Concedes Facts in (25) Paragraph and
States that Rosita Medina acted as State agent in
giving this authrozption since She didnot have any
Possessory or Proprietary Interest in the Contents of the
Lockbox i.e all legal documents and Passports belonged
to Moses Tugume not Rosita medina. Moses Tugume
had Keys to Lockbox in his Jacket Pocket.

26 (xxvi) Rosita Medina Specifically authorized Phillip
Rathke to Seize the Subject Omega Suitcase, to
open it and Search and Seize it's Contents (Rathke
Affidavit 6-15, Medina Affidavit 11-21).

ANSWER: Plaintiff Concedes Facts in (26) Paragraph
and States this action Was Illegal and in Violation of
His Fourth Amendment Federal Rights.

27 (xxvii) Moses Tugume Was not Present during any
Portion of Officer Rathke's Search of the Premises
and Seizure of evidence or at any time While Phillip
Rathke Was Present Inside the Subject apartment #106,
54 Washington in Mundelein, Illinois for Purposes of
Conducting the Search. (Rathke Affidavit 3, 6-17,
Tugume deposition P. 13, Medina 19)
Answer

13

ANSWER: Plaintiff Concedes Facts in (27) Paragraph and States that these actions were not Justified and are Illegal under the Federal Constitution of the United States of America. U.S. Const. Amend. 4

28(XXVIII)    At no time while Phillip Rathke was Present Inside the Subject apartment #106, 54 Washington in Mundelein, Illinois For Purposes Of Conducting a Search did Moses Tugume Object to the Search Of Subject residence Over the Consent and Permission Of Rosita Medina ( Rathke Affidavit 3, 17; Medina 15)

ANSWER: Plaintiff Concedes to Facts in 28 Paragraph but disputes that had He been around he would have Objected as the Joint Possessor OF the Premises and thus Would not give Consent to Search and Seize His Personal Effects Without a magistrate's Warrant. to by Rathke.

29(xxix)    Moses Tugume Cannot Identify Officer Phillip Rathke as he has no recollection Of ever Seeing of Officer Phillip Rathke ( Tugume P. 12)

ANSWER: Plaintiff disputes the allegations in (29) Paragraph and States that this assertion is Forcical or Leviable at best, as He does not have to reveal His Strategy at trial to Defendant at the Moment

30(xxx)    Rosita Medina is the Natural Parent/Mother OF the Minor Victim Involved in the Subject arrest of Moses Tugume on December 3, 2006   (Medina 1)

14

ANSWER: Plaintiff is Without Specific Knowledge of allegations but if true then Medina Rosita is a State actor and thus trigger Constitutional Protections against Unreasonable Searches and Seizures on the Part of Mr Tygume, U.S.C.A Const. Amend. 4

31 (xxxi) On April 9, 2003, Rosita Medina Legally Married Moses Tygume (medina 2)

ANSWER: Plaintiff Vehemently disputes the allegation in (31) Paragraph and as a Fact, Plaintiff did not even know Rosita Medina on April 9, 2003 (See Exhibit No 5)

32 (xxxii) On November 7, 2007, Rosita Medina Legally divorced Moses Tygume (medina 3)

ANSWER: Plaintiff admits the allegations but deny that Defendant tells the Whole Story Since this Divorce has been appealed on grounds of Failure to Prove Grounds For Divorce and non Compliance With 2 Year Period of Separation as allowed under The Dissolution of Marriage Rule of Two Year's Separation Period to qualify For A Divorce thus Divorce is not Finalised yet. [ Appeal Court No 02-08-0215-Second Judicial District of Illinois]

33 (xxxiii) On and before December 3, 2006, Rosita Medina resided with her two Children and her husband at the time, Moses Tygume at 54 Washington Blvd

APT 106 in Mundelein, ILLINOIS (Medina 4)

15

ANSWER: Plaintiff denies that Rosita Medina has two children but Four and He Concedes that He Lived With Rosita Medina and their two Children Plus Rosita Medina's Children From two Separate Relationship [See exhibit No 5)

34 (XXXIV) On or before December 3, 2006, Rosita Medina Was the Sole Signatory to the Lease For 54 Washington Blvd APt 106 in Mundelein, ILLINOIS and Rosita Medina routinely Utilized and accessed all areas of her home (Medina 5)

ANSWER: Plaintiff disputes this allegation and states that She doesn't tell the Complete Story

35 (XXXV) On or before December 3, 2006, the Subject Computer Was Jointly Used by both Rosita Medina and Moses Tugume (Tugume deposition PP. 35-37, 47 and 52; Medina 11).

ANSWER: Plaintiff disputes the allegations in Paragraph (35) as Computer belonged to Plaintiff FOR School Purposes only [See exhibit No 3]

36 (XXXVI) The Lockbox Was originally Purchased by Rosita Medina Prior to her Marriage With Moses Tugume Was Jointly Used by both Rosita Medina and Moses Tugume (Medina 13-14)

16

ANSWER: Plaintiff disputes the allegations in Paragraph 36 and States that Rosita Medina did not have a Possessory Interest or Colorable Interest in the Contents of the Lockbox [see exhibit NO 1 and NO 5] but only MR Moses Tugume's Passports, and other Legal Documents.

37 (XXXVII) At the time Rosita Medina gave Verbal Consent to Officer Rathke to Search, Open and Seize the Lockbox on December 3, 2006, Rosita Medina Informed Officer Rathke that Rosita Medina Owned the Lockbox and that the keys to her Lockbox might be in the Possession of Moses Tugume. (Rathke Affidavit 10-15, Medina 15)

ANSWER: Plaintiff States that Rosita Medina has the Right as a Private Citizen to do Whatever She Wants but not at the expense of MR Tugume's Constitutional Rights [see exhibit NO, 1, 3 and 5) under the Federal Constitution. U.S.C.A Const. Amend 4

38 (XXXVIII) At that time on December 3, 2006, Rosita Medina Specifically gave her Unequivocal Verbal and Written Consent to Seize, Open and Search a Suitcase and It's Contents, Which might aid in the Investigation of the Crime Committed by Moses Tugume against her daughter

ANSWER: Plaintiff denies Knowledge of allegations as Set forth in Paragraph 38 but States that as Mother of the alleged Victim, it was in her best Interests to

17

give Consent as an agent of the State but not at the expense of Mr Tygume's Constitutional Rights Under the Federal Constitution of the United States.

39 (XXXIX) At no time was Rosita Medina Subjected to any Coercion by any member of the Mundelein Police Department, Including Officer Rathke in the Provision of her Consent to the Search and Seizure of Evidence from her Home on December 3, 2006 (Rathke Affidavit 6-15, Medina 6-21)

ANSWER: Given the Self Serving Statements made in Paragraph 39, Why Would Rosita Medina as a state agent be Coerced? as it was in her best Interests and the Police that Mr Tygume's Constitutional Rights be Violated but also With the recent Communication on Jan 12th 2006 by Rosita Medina to Moses Tygume is disturbing [see Exhibit No 19] to speculate any more on what exactly happened.

40 (XXXX) At the time Rosita Medina gave Officer Rathke her Verbal and Written Consent to Search her Premises her Lockbox, the Suitcase and her Computer, Moses Tygume Was not Present as he had already been taken into Custody. (Rathke Affidavit 3, 16-17, Tygume deposition P. 13, Medina 20-21]

ANSWER: Plaintiff disputes that Rosita Medina had any Possessory or Colorable Interest in the Items Searched and Seized by Officer Rathke [see Exhibit No 1] and this is a Lie too; Propounded by defendant.

18    41 (xxxi) Prior to Officer Rathke requesting Rosita Medina's Consent for the Search and Seizure of the Premises and Property Located at 54 Washington he advised her of her Right to refuse the Search and Seizure and to require the Mundelein Police Department to obtain a Search Warrant ( Rathke Affidavit 9, Medina 20-21).

Answer: Plaintiff States that the assertions in Paragraph 41 are Lies and infact Rathke Searched the Apartment and Cut out Carpet Pieces for ~~Blood~~ DNA Evidence before Rosita Medina arrived on the Scene [See Exhibit No 1 of His own Report] This is baloney. and Farcial at best for an officer of the Law to Lie or tell untruths in an Affidavit and Submit it to this Honorable Court For Consideration.

42 (xxxii) The attached Consent Form is a true and accurate Copy of the Written Consent Form that Rosita Medina Signed on December 3, 2006, Which bears her true and accurate Signature.

Answer: Plaintiff States that Rosita Medina has every right in the U.S. to Sign anything She Wants but not at the expense of Mr Tugwete's Federal Rights Under the Constitution U.S.C.A Const. Amend 4.

43 (xxxiii) On December 3, 2007, Rosita Medina Was the tenant and Leaseholder of the residence at 54 Washington Street, Apartment # 102, in Mundelein, Illinois (Tugwete

Deposition 9:10-11, Medina Affidavit 4-5)

19

ANSWER: Plaintiff is not aware of allegations or assertions in Paragraph 43 as he was an inmate at Big Muddy River, INA, Illinois 62816 in Cell # 2630 on December 3 2007.

44(xxxxiv) She jointly utilized all areas of the residence at 54 Washington Street, apartment #156, in Mundelein and she jointly utilized the subject safe, computer and suitcase (Medina Affidavit 4-5, 10-17).

ANSWER: Plaintiff disputes all assertions in allegation No in Paragraph 44 and states that at no time did Rosita Medina have a Possessory or Colorable Interest in the above items Searched and Seized by Officer Rathke [see Exhibit No 1 and No 6] and Exhibit No 5]

45(xxxxv) Rosita Medina Signed the Written Consent Form Prior to Officer Rathke's Performance of his Search and Seizure of Evidence at 54 Washington Street, apartment #106, in Mundelein (Rathke Affidavit 3 and Medina 20-21).

ANSWER: This is an outright Lie. [see Exhibit No 1]

46(xxxxvi) Moses Tugume Voluntarily Signed a Consent Form on December 4, 2007 allowing the Mundelein Police Department to Search Computer Files on a Computer that they Seized Pursuant to Rosita Medina's

Consent on December 3, 2007 (Tygume Deposition
P. 29 and Tygume Deposition exhibit 3, a copy of
the Consent Form with Moses Tygume's signature)

ANSWER: Plaintiff is not aware of assertions in
Paragraph 46 as on December 3, 2007, He was an
Inmate at INei, Illinois C88046. He doesn't know What
this defendant is talking about.

47 (xxxxvii) The basis of Plaintiff's Claim against officer
Rothke is his Search and Seizure of the Subject Lockbox
Computer and Suitcase

ANSWER: Plaintiff admits the assertion Paragraph 47
but deny It is Completely and accurately Stated
[See exhibit No 1] as the Search of his Premises
was also Illegal before Rosita Melina arrived at
the Apartment.

48 (xxxxviii) Specifically, at Page 52 of his deposition,
Plaintiff was asked " We've talked about the Computer.
We've talked about the Lockbox and the omega Suitcase
and their Contents. Is there anything else now That we
haven't talked about that doesn't fall Within one of those
three Categories? Plaintiff answered unequivocally,
To me, that's What I feel was Violated. Plaintiff was
asked again, " So those three things are the Subject
Matter of Your Claim? To Which he replied, Yeah
Anything else -- I have no quibble With Mr Rothke
I'm just sorry he's in -- I'm sorry he's in this
Situation. (Tygume deposition P. 52).

21

ANSWER: Plaintiff admonishes Defendant not to be deceived by His "Ugandan Sense of humor" and Sarcasm and Levity. IF he had no quibble then Why Would We be in Court. As a matter of Fact, Plaintiff is Willing to Co-operate With the U.S. Attorney's OFFICE For the Northern Federal district OF ILLINois in the Prosecution and Punishment to the FULLEST extent OF the Law For Officer Rathke and His Cohorts actions in the Concealment OF exculpatory DNA Evidence in His Criminal case in Clear Violation OF His Civil Rights. Under the 1964 Civil Rights Act. [See Exhibits 8, and 16] This egregious Conduct by Officer Rathke and his Cohorts Will not go unpunished. Plaintiff enjoys Vacations too and the Company of His Children of Tender years Who did nothing to be deprived of their Father on False Charges and the egregious Concealment of EXCULPatory DNA Evidence on the Part of Officer Rathke as the Lead Investigator, Investigator Hergott, Investigator Jason SEELY [See exhibit 16] and ASA Marykatherine Foy. For every Sowing, there is a harvest to reap. [See Exhibit No 9] and Tygane deposition P 7 (22 to 25)

Justice Day in delivering the Opinion of the Court in Weeks v United States on Point 232 U.S. 383; 58 L. Ed. 652; 34 S. Ct 341) (1914). Stated in Part " IF Letters and Private documents Can thus be Seized and held and Used in evidence against a Citizen accused of an OFFense, the Protection OF the Fourth Amendment, declaring his right to be Secure against Searches and Seizures, is OF no Value and So Far as those thus Placed are Concerned,

22    Might as Well be Stricken From the Constitution. The
EFFORTS OF the Courts and their OFFICials to bring
the guilty to Punishment, PraiseWorthy as they are,
are not to be aided by the Sacrifice of those great
Principles established by Years OF endeavor and
Suffering Which have resulted in their embodiment in
the Fundamental Law OF the Land [ Tygume deposition
10 [ Pages 35]

In the Words OF Justice Brandeis " Decency, Security and
Liberty aLike demand that Government OFFIcials Shall be
Subjected to the Same rules of Conduct that are commands
to the Citizen. In agovernment OF Laws, existence of the
government Will be Imperiled IF Jt Fails to observe the Law
ScrupuLously. OUR Government is the Potent, the ommiPresent,
teacher. For good or For iLL, Jt teaches the Whole People
by Jt's example. Crime is Contagious. IF the Government
becomes a LawbreaKer, Jt breeds Contempt For the Law;
Jt Invites everyman to become a Law unto himself; Jt
Invites Anarchy. That much is Clear

I declare under Penalty OF PerJury under the
Laws OF the United States OF America that the Foregoing
is true and Correct.

Respectfully Submited
Moses Tygume, SR.
Tygume

DATE: 6-27-2008
Subscribed and SWORN to beFore
ME this 27th Day OF June ,2008 A.D

OFFICIAL SEAL
JENNIFER L. WILSON
Notary Public - State of Illinois
My Commission Expires Jul 31, 2012

NOTARY PublIC