Court Copy

UNITED STATES DISTRICT COURT
NORTHERN District OF ILLINOIS, EASTERN DIVISION

MOSES TYGUME, SR     NO: 07 CV 6211

Plaintiff,     HON. John W. Darrah

- VS -     HON. JEFFREY COLE

**FILED**

JUL 3 2008 ou

(Su) 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PHILLIP RATHKE,

Defendant.    3 Judges, Presiding

NOTICE OF FILING EXHIBITS IN OPPOSITION TO DEFENDANT'S
STATEMENT OF Material Facts TO WHICH HE PURPORTS
THERE IS NO GENUINE DISPUTE Pursuant TO
56.1 (a) (3) (e) BY Mail.

TO: JOHN F. O'REILY 1751 S. Naperville Rd # 101
Wheaton, IL 60187

I hereby certify that on the 27th Day OF June, 2008,
I Filed With the Clerk OF the United States District Court
For the Northern District OF Illinois, EASTERN Division,
Exhibits in opposition to Supplement, Defendant's
Exhibits already on Record, Exhibits 1 through 19 in
opposition to Defendant's Statement OF Material Facts
and a Copy OF Said Exhibits are attached hereto and herewith
Served upon Party Listed above."

BY MOSES TYGUME, SR
INA - BMRCC
P.O. BOX 900, INA, IL 62846

DATE; G-27-2008.

2

UNITED STATES DISTRICT COURT

NORTHERN District OF ILLINOIS, EASTERN Division

MOSES Tygume, SR

NO: 07 CV 6211

Plaintiff

**FILED**

JUL 3 2008
JUL 3, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

—Vs—

PHILLIP Rathke

Defendant

HON. John W Darrah

Dist Ct

HON. Jeffrey COLE

Magistrate Judge

Judges, Presiding

EXHIBIT LIST

| | |
|---|---|
| 1 | PHILLIP Rathke's POLICE REPORT ON DEC 3 2006 |
| 2 | PHILLIP Rathke's Admissions TO Amended Complaint ~~Colchener~~ |
| 3 | PHILLIP Rathke's Sketch of Apartment Searched Apt 106, Mundelein |
| 4 | MOSES Tygume's Consent Form Signed on December 4th 2006 |
| 5 | MOSES Tygume and Rosita Medina's Divorce and Property order |
| 6 | PHILLIP Rathke's Property Inventory OF Moses Tygume's Property |
| 7 | PHILLIP Rathke's Answers TO 1st SET OF INTERROGATORIES |
| 8 | DNA Results With alleged Victim's INFORMATION redacted |
| 9 | Appellate Court Summary order FOR Remand ~~Roe Rathke and of the~~ |
| 10 | Back PHOTO OF MOSES Tygume's Computer |
| 11 | Front PHOTO OF Moses Tygume's Computer |
| 12 | UP Close PHOTO OF Broken Zipper to Tygume's omega case |
| 13 | UP Close PHOTO OF Omega Suitcase belonging to Moses Tygume |
| 14 | UP Close Photo OF Moses Tygume's omega Suitcase |
| 15 | UP Close PHOTO OF Moses Tygume's Lockbox With key |
| 16 | DNA Correspondence LOG FROM Police Lab in Vernon Hills |

3　17 Phillip Rashke's 2nd Set of Interrogatories. Admissions

18 Prisoner Observation Log of Moses Tygume at Mundelein P.C

19 Rosita Medina's Correspondance To Moses Tygume, on
11 Jan 2008 about this Case. 07CV6211

Respectfully Submited

Moses Tygume, SR
INA - BMTCC
P.O. Box 900, INA, IL 62846

Date: 6/27/2008

Exhibit No 1

# EVIDENCE TECHNICIAN REPORT

## MUNDELEIN POLICE DEPARTMENT

| 01 CASE REPORT NUMBER | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 06-16845 | | | | | | | | | |
| 01 DATE | 02 TIME | 03 ARRIVAL TIME | 04 WATCH | 05 TOTAL TIME | | 06 BEAT | 07 SUB-BEAT | 08 | 09 |
| 12/03/06 | 1753 | 1757 | B | 8.0 | | 2110 | | | 0260 |
| 10 OFFENSE OR INCIDENT | | | 11 ORIGINALLY CLASSIFIED AS | | | | 12 PLACE CODE | | 13 METHOD |
| Predatory Criminal Sexual Assault Class X | | | Criminal Sexual Assault | | | | | | |

14 VICTIM'S NAME

Medina, Destiny

15 NARRATIVE

PR207 (12/03/06) I responded to 54 Washington, Apt 106, to assist Officer Sturlini with his Predatory Criminal Sexual Assault case. Sturlini asked me to collect evidence from the apartment. The victim's aunt, Yamalie, was on location. She told me she arrived at the apartment to check on the girls. When she entered the apartment she found her niece, Destiny, and Medina's stepfather, Moses, completely naked in the northeast bedroom. Both of them were standing in the closet. Yamalie took Destiny outside to the car. She thought Moses might have chased her with a knife. Reference Sturlini's Predatory Criminal Sexual Assault report number 06-16845 for further details concerning the incident. I used the digital DX3900 camera and Nikon N60 for all photographs.

After making sure there was no one else inside the apartment I searched the porch area and parking lot where Moses had chased Yamalie and where he had been apprehended. Officer Perdue stood by inside the apartment while I conducted the search. I did not find any knives in the area. The victim's mother, Rosita, later told me there were no kitchen knives missing from the kitchen.

I inspected the inside of the residence starting with the northeast bedroom. Immediately as I entered the bedroom I saw a tall cardboard box to my right and a kid's play mobile to my left. Standing between the door and the play mobile was a vacuum cleaner. Lying on the floor next to the play mobile was a ¾ length black button down FR Tripler jacket. There was a bottle of Skol Vodka in the inside pocket of the jacket. The Vodka bottle was half full. Next to the jacket was a pair of Wrangler blue jeans, size 32 by 30, with a brown belt lying on the floor. Inside the blue jeans was a pair of white Hanes boxer shorts (size 34 x 36). The blue jeans and white boxers appeared to have been taken off at the same time. A few feet beyond the blue jeans was a white Fruit of the Loom T-shirt (size L) lying on the floor. Lying on the floor in the middle of the room was a large crimson red pillowcase. The pillowcase had a stain on it about 4 to 5 inches long. Right in front of the closet was a black fleece Old Navy hooded jacket lying on the floor. There was a pair of blue men's briefs underwear (size L) along the wall on the floor adjacent to the closet. In the northeast corner of the bedroom was a partially broken down crib. The headboard of the crib was detached from the crib and was leaning against the north wall. While I was searching the room I was advised via telephone that Destiny might have been sexually assaulted in the northeast corner of the room near the crib. Using a blue light with orange filter I turned the lights off in the room was also told Destiny may have had her hands bound with tape. Using a blue light with orange filter I turned the lights off in the bedroom and searched for potential semen stains. The entire room was clear of stains with the exception of the northeast

No Warrant

| 24 CASE ASSIGNED TO: PATROL _X_ DETECTIVES _ OTHER _ | | 25 CASE STATUS — OPEN _X_ CLOSED _ UNFOUNDED | | 26 OTHER DEPARTMENTS NOTIFIED | | 27 TIME | |
|---|---|---|---|---|---|---|---|
| | | 873 | | 30 DATE 12/19/06 | 31 TIME 1554 | 32 OFFICER FOLLOW-UP | |
| 28 REPORT PREPARED BY | | 29 SUPERVISOR APPROVAL | | | | | |

MUNDELEIN POLICE DEPARTMENT

CASE REPORT NUMBER
06-16845

## SUPPLEMENTAL REPORT

room. There were several stains on the carpet near the crib. The stain shapes and sizes appeared to be consistent with stains left from semen. I photographed the stains using the 35 mm Nikon N60 camera. The location of the stain on the carpet was marked by marker number 1. Photographs were taken with and without the blue light/orange filter. [The section of the carpet containing the stains, approximately 16 by 14 inches, was cut out using a razor blade.] I wore latex gloves as I placed the stained carpet section into a brown paper bag. I covered the open end of the brown paper bag with another brown paper bag. I located a stain free section of carpet on the west side of the northeast bedroom. After putting on a new pair of latex gloves, a section of the stainless carpet, approximately 16 by 14 inches, was cut from the carpet. I photographed the stain free section of carpet and marked the section with marker number 2. I wore latex gloves as I placed the stain free carpet into a brown paper bag. I covered the open end of the bag with a second brown paper bag. [Sitting inside the closet was a black Omega suitcase with a small luggage lock on the zipper.] I did not find any tape in the northeast bedroom. [I photographed and collected all the clothes and placed them in separate brown paper bags.] I later placed all items into an evidence locker at the station. ] No Warrants issued for this Search but Clothes Seize d

I continued my [search in the kid's bedroom] just west of the northeast bedroom. As I entered the bedroom I saw a plastic set of drawers in front of one of the beds. Lying on top of the plastic drawers was a white bra, a white Dream Rides halter top (size M), and a black velvet BCBG jacket (size M). All three pieces of clothing were inside out. The black velvet jacket was inside the white halter, which was underneath the bra. It appeared as if all three pieces of clothing were taken off at the same time and pulled inside out in the process. [I did not find anything else of evidentiary value in the kid's room.] I photographed the room and clothes. [I collected the clothes, placed them into brown paper bags] and later placed them into an evidence locker at the police station.] No Warrants issued — Seized Without Warrant

"Seized"

I inspected the kitchen and found a roll of Tape-It packing tape on the kitchen table. On the ledge right behind the kitchen table I located a roll of scotch gift-wrap tape. Underneath the kitchen table I found a piece of scotch tape that was formed into two loops. The loops were approximately 2 to 3 inches in diameter. The loops in the tape appeared consistent with the size of Destiny's wrists and may have been the tape used to bind her hands.] I photographed and collected all the tape and later placed it into an evidence locker at the station.] Searched & Seized Without Warrant

I waited in the apartment until Destiny's mother, Rosita, arrived. I explained the situation to Rosita and asked her for consent to search the apartment and take the computer in the family room. ]Rosita gave me permission to and signed a Consent to Search form. [I located a blue Sentry lockbox under the bed in the master bedroom.]Rosita did not have keys to the lockbox or the Omega suitcase. Rosita thought Moses might have the keys for both locks.][She gave me permission to take the suitcase and lockbox to the station.] [She also gave me permission to open the lockbox and suitcase.] I photographed the computer in the family room, a Compaq Presario desktop. I also photographed the screen on the monitor before turning the computer off. I shut the computer down by unplugging the

You attorney Searched for this

Officer Signature: _[signature]_

Page No.

2

58

CASE REPORT NUMBER
06-16845

SUPPLEMENTAL REPORT

MUNDELEIN POLICE DEPARTMENT

power cord. I collected the desktop and RCA digital cable modem and later placed them into evidence. The Jut was broken in to

Once at the station I located the key to the Sentry safe box in the ¾ long FR Tripler jacket. I opened the safe and found Moses' Seized passports, driver's license, FOID card, and miscellaneous papers. I placed the lockbox, passports, and other items into evidence. I was able to open the black Omega suitcase. Inside the suitcase I located miscellaneous papers including Moses' applications for naturalization. I also located two empty bottles of Skol Vodka in an open pouch on the backside of the suitcase. I placed the black Omega suitcase and its contents into evidence. I placed the roll of 35 mm film into evidence so it could be sent to the lab for development. Seized Without Warrant or my Personal Consent

The following is a list of the 35 mm photographs taken with the Nikon N60 camera:

1) Card
2) Overall Northeast bedroom
3) Northeast corner of bedroom
4) East wall of bedroom
5) Northwest corner of bedroom
6) Northeast corner of bedroom
7) Stain area marked with marker #1
8) Stain under blue light/orange filter
9) Stain under blue light/orange filter
10) Stain under blue light/orange filter
11) Stain under blue light/orange filter
12) Stain under blue light/orange filter
13) Stain under blue light/orange filter
14) Stain under blue light/orange filter
15) Stain under blue light/orange filter
16) Stain under blue light/orange filter with ruler
17) Stain under blue light/orange filter with ruler
18) Stain under blue light/orange filter with ruler
19) Stain under blue light/orange filter with ruler
20) Stained carpet section removed for DNA analysis

Page No.

Officer Signature:

3

MUNDELEIN POLICE DEPARTMENT

CASE REPORT NUMBER
06-16845

SUPPLEMENTAL REPORT

21)Stained carpet section removed for DNA analysis
22)Stain free carpet section removed for lab analysis (marked with marker #2)
23)Kitchen
24)Piece of double looped scotch tape under kitchen table
25)Scotch tape
26)Scotch tape with ruler
27)Large red pillow case with stain
28)Stain with ruler
29)Stain with ruler

The following is a list of digital photographs taken:

1)  Northeast bedroom- entryway and closet
2)  FR Tripler ¾ length jacket, blue jeans with white boxers in doorway
3)  Closet
4)  North wall
5)  Blue men's underwear near closet
6)  Red crimson pillow case
7)  Blue men's underwear near closet
8)  White t-shirt
9)  Blue jeans, white boxers, men's underwear
10) Kid's room- facing east
11) Entryway to kid's room
12) Kid's room- facing north
13) Kid's room- plastic drawers with black velvet jacket, white halter, and white bra on top
14) Black velvet jacket, white halter, white bra
15) Black velvet jacket, white halter, white bra on top of plastic drawers
16) Black velvet jacket, white halter, white bra on top of plastic drawers
17) Tape-It packing tape on kitchen table.

Page No.
4

Officer Signature:

MUNDELEIN POLICE DEPARTMENT

**CASE REPORT NUMBER**
06-16845

## SUPPLEMENTAL REPORT

18)Kitchen and kitchen table
19)Scotch tape on ledge behind kitchen table
20)Packing tape on kitchen table and Scotch tape on ledge
21)Compaq Evo computer screen- family room
22)Compaq Evo computer- family room
23)Compaq Evo computer
24)Compaq Evo computer desk
25)RCA digital cable modem box
26)RCA cable and Vonage box
27)Compaq Evo computer- rear view
28)Vonage box- rear view
29)Compaq Evo computer- rear view

Refererfce the attached field sketch of the apartment and the digital and 35 mm photographs for further details. Nothing further at this time.

FILE

Officer Signature:

Page No.
5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MOSES TUGUME, SR., )
)
        Plaintiff, )
)
-vs- )    NO: 07 C 6211
)    Honorable John Darrah
PHILLIP RATHKE, )
)
        Defendant. )
)

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES & JURY DEMAND

NOW COMES the Defendant, PHILLIP RATHKE, by and through his attorneys,

O'REILLY LAW OFFICES, and as for his answer to the Plaintiff's Complaint at Law,

Affirmative Defenses & Jury Demand, states as follows:

1.    (I.)    That on/about 12/18/2007, this Honorable issued a court order

granting for Plaintiff to proceed in his §1983 civil rights action against police technician

P. Rathke #207 for his alleged conduct in violating Plaintiff's constitutional right against

illegal searches and seizures to his personal effects without a warrant or his personal

consent on December 3, 2006.

ANSWER:    Defendant admits that this Court issued an order with respect to Plaintiff's

claim, but deny that said order has been completely or accurately set forth in paragraph 1.

2.    (II.)    Plaintiff's constitutional rights were violated because:

a.    Evidence technician secured Plaintiff's passports, FIOD card,

immigration green card, driver's license, social security cards and computer on 12/03/06



Exhibit NO 2

without a warrant or his consent. (See report as Exhibit A) and placed them into evidence.

        b.      Evidence technician's alleged conduct resulted in the violation of plaintiff's fourteen amendment constitutional right/protection against the deprivation of liberty without due process. When the trial court confiscated plaintiff's passports and other effects and gave plaintiff a one million dollar bond on top of confiscating his passports and papers.

        c.      Evidence technician P. Rathke #207's conduct/deliberation of reckless indifference violated plaintiff's fourth amendment protection from/against unreasonable searches and seizures without warrants or consent and which guarantees citizen's right to be secure in their persons, houses, papers and other effects or those persons within the jurisdiction thereof.

ANSWER:    Defendant denies that Plaintiff's constitutional rights were violated.

        a.      Defendant admits that he is employed as an evidence technician with the Village of Mundelein and that on December 3, 2006, he secured four passports and miscellaneous documents belonging to Moses Tugume and a gray Compaq computer on 12/03/06. Defendant denies the remaining allegations in paragraph 2(a) and denies that he violated the Plaintiff's rights in the search and seizure of property on December 3, 2006.

        b.      Defendant denies the allegations in paragraph 2(b).

        c.      Defendant denies the allegations in paragraph 2(c).

**STATEMENT OF FACTS:**

3.    (1.)  42 U.S.C.A § 1983 provides in relevant parts: every person who, under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

ANSWER:    Defendant admits that 42 U.S.C.A § 1983 was in full force and effect on December 3, 2006, but denies that Plaintiff has any valid claim pursuant to 42 U.S.C.A § 1983.

4.    (2.)  Amendment IV Protection from unreasonable search and seizure provides for the right of the people to be secure in their persons, house, papers and effects against unreasonable searches and seizures, shall not be violated and no warrants shall issue but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the person or things to be seized.

ANSWER:    Defendant admits that the Fourth Amendment was in full force and effect on December 3, 2006, but denies that Plaintiff has any valid claim for alleged violation of his Fourth Amendment Rights.

5.    Mundelein police evidence technician chose to ignore the above protections/rights of plaintiff by not following their content in the execution of his duty as a state actor under color of law on the 3rd of December, 2006.

ANSWER:    Defendant denies the allegations in paragraph 5.

6.    (3.)  To state claim against/under § 1983, a plaintiff must allege the violation of a right secured by the constitution and laws of the United States, and must

3

show that the alleged deprivation was committed by a person acting under color of state law. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.C. 1908, 1013, 68 L.Ed.2d 420 (1981).

ANSWER:    Defendant admits that there are requirements to state a claim under 42 U.S.C.A § 1983, but denies that Plaintiff has any valid claim under 42 U.S.C.A § 1983. Defendant further denies that the holding in <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981) is the law.

7.    (4.)    P. Rathke acted under color of state law in searching and seizing Plaintiff's personal effects and computer without a warrant or Plaintiff's consent in utter disregard of Plaintiff's constitutional rights/protections against unreasonable searches and seizures by his own admissions in his report  (See attached Exhibit A) on December 3, 2006 at 54 Washington Blvd, Apt. 106, Mundelein, IL 60060.

ANSWER:    Defendant admits that at all times relevant herein he was acting under color of law. Defendant admits that he did not obtain a warrant before conducting the search of the premises and seizure of property. Defendant denies that he acted without valid consent and denies that he violated any of Plaintiff's rights.

8.    (5.)    The traditional definition of acting under color of state law requires that the defendant in a 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." <u>United States v. Classic</u>, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

ANSWER:    Defendant admits that at all times relevant herein he was acting under color of law.

4

9.    (6)    P. Rathke satisfies his threshold by virtue of his employment with the Mundelein Police with authority sanctions covered by the State of Illinois and his actions of searching and seizing Plaintiff's personal effects without a warrant or Plaintiff's personal consent and placing these documents and materials into evidence on December 3, 2006 by his own admissions in his report (see attached Exhibit A) constitutes a gross disregard of Plaintiff's constitutional protection against unreasonable searches and seizures without a warrant or personal consent this in violation of Plaintiff's constitutional rights under <u>United States v. Classic</u>, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

ANSWER:    Defendant admits that at all times relevant herein he was acting under color of law. Defendant denies all other allegation contained in paragraph 9 (6).

10.    (7).    In <u>Lugar v. Edmondson Oil Co., Supra</u>, the court made clear that if a defendant's conduct satisfies the state action requirement of the Fourteenth Amendment, "that conduct [is] also action under color of state law and will support a suit under § 1983." Id., 457 U.S., at 935, 102 S.Ct., at 2752. In the circumstances of this case, P. Rathke's infringement of Plaintiff's federal rights is fairly attributable to the state." <u>Lugar</u>, 457 U.S., at 937, 102 S.Ct., at 2753.

ANSWER:    Defendant admits that at all times relevant herein he was acting under color of law. Defendant denies all other allegation contained in paragraph 10 (7).

11.    (8).    Furthermore, state action, "the deprivation must be caused by the exercise of some right or privilege created by the state and in this matter P. Rathke's employment with law enforcement gave him his right and the State of Illinois is responsible and P. Rathke may be fairly said to be to be a state actor."

ANSWER:    Defendant admits that at all times relevant herein he was acting under color of law. Defendant denies all other allegation contained in paragraph 11 (8).

12.    It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the state. See Monroe v. Pape, 365 U.S, at 172, 81 S.Ct., at 476. This generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. See e.g., Parratt v. Taylor, U.S., at 535.

ANSWER:    Defendant admits that at all times relevant herein he was acting under color of law. Defendant denies all other allegation contained in paragraph 12 (8).

13.    P. Rathke, per his admissions in his report, after ascertaining that Plaintiff's wife/spouse had no knowledge of the contents in the lockbox since it was the exclusive property/personal effect of Plaintiff, proceeded to go under the master bedroom bed and remove the lockbox and take the Omega suit case, found the keys and searched the contents.

ANSWER:    Defendant admits that he conducted a legal search of the premises and seized certain property pursuant to the verbal and written consent of the Plaintiff's spouse, the mother of the victim who resided at the subject premises. Defendant denies the remaining allegations and inferences contained in paragraph 13 (8).

14.    Also per her own admissions, Plaintiff's spouse told him that Plaintiff had possession of both keys to the lockbox and suitcase implying exclusive control by Plaintiff.

ANSWER:    Defendant admits that Plaintiff's spouse indicated Plaintiff might have the keys to both locks and gave her permission to remove the lockbox and suitcase from the

premises.   Defendant denies the remaining allegations and implications contained in paragraph 14 (8).

15.    P. Rathke proceeded to search and seize these effects.

ANSWER:    Defendant admits that, pursuant to Plaintiff's spouse's consent, he searched the contents of the lockbox and suitcase at the police station after locating the key at the police station.

16.    (9.)    The Defendant's presumption of innocence of the infringement of Plaintiff's federal rights has been extinguished by his own admissions his report of his actions on December 3, 2006 (see Exhibit A) and cannot imply that Plaintiff's consent to this search and seizure on December 4, 2006 at 10:45 a.m. more than 12 hours later suffices for proper conduct (see attached consent form signed by Plaintiff on December 4, 2060 as Exhibit B) or consent on December 3, 2006.

ANSWER:    Defendant admits that Plaintiff signed a written consent form himself on December 4, 2006 for the search of the computer files.  Defendant denies the remaining allegations and implications contained in paragraph 16 (9).

17.    (10.)    Moreover, the consent form signed givens only Officer Hergett the consent and not Officer P. Rathke.

ANSWER:    Defendant admits that Plaintiff signed a written consent form on December 4, 2006 for the search of the computer files.  Defendant denies the remaining allegations and implications contained in paragraph 17 (10).

18.    This calls into question the disingenuousness of the police department to ask consent to search documents or materials already in their possession for more than 10

hours later, when Plaintiff has been put under arrest and not free to come and go as he wishes as of December 4, 2006. (See attached Exhibit B).

ANSWER:     Defendant denies the allegations and implications contained in paragraph 18 (10).

19.     Such elements are present which should compel this Honorable Court to refuse to exercise it's discretion in favor of the Defendant's forth coming Motion for Summary Judgment for failure to state a claim with the overwhelming manifest evidence against the Defendant, P. Rathke #207. (His report)

ANSWER:     Defendant denies the allegations and implications contained in paragraph 19 (10).

### OPINIONS AND OTHER CLAIMS

20.     (I)     Those fundamental principles of liberty and justice which lie at the base of our civil and political institutions as a nation are at stake here, and Defendant's conduct constitutes a violation of these fundamental principles Powell v. Alabama, 287 U.S. 45, 67, 53 S. Ct. 55, 77 L.Ed 158 (1932). To grant summary judgment to defendant will simply send the wrong message to this defendant and others who have an inherent contempt for our constitutional protections against tyranny and searches and seizures. Without reason or probable cause or warrants.

ANSWER:     Defendant denies the allegations and implications contained in paragraph 20 (I).

21.     (II)     Plaintiff's original complaint has apparently given the wrong impression to this Honorable Court as a contest of his state conviction.

ANSWER:     Defendant denies any allegation contained in paragraph 21.

22. On the contrary the Plaintiff's motive was not so, since he has already appealed his conviction in the Appellate Court for the Second Judicial District (see attached court orders from Appellate Court as Exhibits C, D. and E) and therefore will not be needing relief from the Federal Courts per his conviction in a state court.

ANSWER: Defendant denies any allegation contained in paragraph 22.

23. This Complaint was not collateral attack on his conviction but a request for redress and money damages for infringement of his federal rights by P. Rathke and others.

ANSWER: Defendant denies that Plaintiff is entitled to any relief whatsoever.

24. (III) Plaintiff has all intentions of initiating legal action against his public defender and Lake County under the doctrine of respondeat superior (blanket supervisory liability) by alleging articulately and proving that Ms. Mencute conspired with police and prosecutors (state actors) under Section 42 U.S. C § 1985(a), 1986 or other statute in an upcoming legal action by preponderance of evidence from his findings of the Appellate Court rulings and investigation by the Second Judicial District.

ANSWER: Defendant denies any allegation contained in paragraph 24 (III).

25. Moreover, with the same findings Plaintiff intends to prove the same claims in the original complaint against the Village of Mundelein for the conduct of Officer Rathke #207 and others in depriving him of his liberty without due process (federal rights) of law (false arrest).

ANSWER: Defendant denies any allegation contained in paragraph 25 (III).

26. Nonetheless Plaintiff is grateful for the "foot in the door" this Honorable Court has granted him on this sole claim of violation of his constitutional/federal

causation of action against/protection from searches and seizures of his personal effects without a warrant and his personal consent on December 3, 2006. A.D. at 54 Washington Blvd., Apt. 106, Mundelein, IL 60060.

ANSWER:    Defendant denies any allegation contained in paragraph 26 (III).

27.    Plaintiff intends to demonstrate that his conviction will be invalidated by the Second Judicial District Appellate Court and thus his cause of action for money damages shall accrue at such time. The tentative timetable for that to occur has been set by Appellate Court for the next six months (see Exhibit D revised time table) May, 2008. Thus agrees this Honorable Court to feel free to grant hearings in the distant reasonable time after the invalidation of his conviction thus proceeding liberally.

ANSWER:    Defendant denies any allegation contained in paragraph 27 (III).

28.    Plaintiff states that he has a free standing claim (legitimate) of innocence and the DNA evidence is a sure assortment of that claim before the Appellate Court. Thus it is/there is reasonable/sure probability that the result of these proceedings will be favorable to Plaintiff.

ANSWER:    Defendant denies any allegation contained in paragraph 28 (III).

## CLAIM FOR AWARD OF MONEY DAMAGES

29.    (a)    Defendant's actions deprived Plaintiff of his liberty without due process of law.

ANSWER:    Defendant denies any allegation contained in paragraph 29 (a).

30.    (b)    Defendant's actions damaged Plaintiff's reputation in society by a preponderance of his conduct. Proximate Cause of Injuries

ANSWER:    Defendant denies any allegation contained in paragraph 30 (b).

31.    (c)    Defendant's actions deprived Plaintiff of the pleasure of living by his absence from his wife (Hedomie).

ANSWER:    Defendant denies any allegation contained in paragraph 31 (c).

32.    (d)    Defendant's actions caused mental anguish, pain and suffering by his incarceration and separation from his children, friends and family.

ANSWER:    Defendant denies any allegation contained in paragraph 32 (d).

33.    (e)    Defendant's actions caused loss of earnings for the Plaintiff who has two bachelor degrees in political science and international studies obtained at Makerere University, Kampola Uganda and Loyola University, Chicago, IL respectively has diploma in paralegal studies.

ANSWER:    Defendant denies any allegation contained in paragraph 33 (e).

34.    (f)    Defendant's actions caused loss of chances for advancement in the social ladder as he speaks sixteen foreign languages.

ANSWER:    Defendant denies any allegation contained in paragraph 34 (f).

WHEREFORE, Defendant, PHILLIP RATHKE, prays that judgment be entered in his favor and against the Plaintiff plus costs of suit and attorneys fees for the frivolous filing of this claim.

## AFFIRMATIVE DEFENSES AND JURY DEMAND

1.    At all times relevant herein, Defendant acted pursuant to lawful consent.

2.    At all time relevant herein, Defendant was entitled to qualify immunity for his conduct in search the subject premises and seizing material evidence.

3.    The sole proximate cause of Plaintiff's alleged damages and injuries are a direct result of his own misconduct in the engagement of a heinous crime against a minor.

11

4.     Plaintiff's claim is barred to the extent he failed to mitigate his own alleged damages.

Defendant demands Jury Trial.

Dated: 01/29/08                          By:     /s/ John F. O'Reilly
                                                 O'REILLY LAW OFFICES
                                                 Attorneys for Defendant
                                                 1751 S. Naperville Rd, #101
                                                 Wheaton, IL  60187
                                                 Telephone:  630/665-4444
                                                 Attorney No. 6209668
                                                 E-mail:  oreillylaw@msn.com

EXhibit NO3



NOT TO SCALE





*06-16845* *0085*

Exhibit No 4

**KENNETH H. KESSLER**
Mayor

**RAYMOND J. ROSE**
Chief of Police



# Village of Mundelein

## DEPARTMENT OF POLICE

NATIONALLY ACCREDITED AGENCY

**221 NORTH LAKE STREET · MUNDELEIN, ILLINOIS 60060 · PHONE (847) 968-4600**

### CONSENT TO SEARCH

I, _Moses    Tugume_, give my permission for the following

Officers of the Mundelein Police Department: _Hercott_

to search the following location: _54 Washington. Apt 106_

and to remove any letters, papers, materials, or other property which they may desire. I

am also giving the Officer my permission to remove the following items: _Compaq Ser. No. V209J1FZB064  Tower P.C._

for a complete forensic analysis, including but not limited to a forensic analysis of any/all

internal and removable storage media. I am aware that I am also allowing access to

any/all data that may be present on those items. I am aware that the requesting Officers

of the Mundelein Police Department do not have a search warrant. I am aware that I have

the right to refuse to consent to this search and that I have the right to refuse to consent to

the removal of any item(s). I am giving this consent voluntarily and of my own free will.

I have not been promised anything and I have not been threatened or coerced in any way.

_Tugume_                                                 _04-Dec 2006  10.45 Am_
_____                              _____
Signed                                                              Date/Time

_206_                                                      _12-4-06   1045 hrs._
_____                              _____
Witness                                                           Date/Time



**EXHIBIT**
Tugume
Deposition #3

*"Community Focused - Community Committed"*

Exhibit NO 5

1  STATE OF ILLINOIS )
2                    )  SS:
   COUNTY OF L A K E )
3
   IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
4                  LAKE COUNTY, ILLINOIS

5  IN RE:  THE MARRIAGE OF          )
                                    )
6          ROSITA MEDINA,           )
                   Petitioner,      )
7                                   )
                   and              )   No. 07D964
8                                   )
           MOSES TUGUME,            )
9                   Respondent.     )

10      REPORT OF PROCEEDINGS had at the hearing

11  of the above-entitled cause, before the Honorable

12  GEORGE STRICKLAND, Judge of said court, on the 20th

13  day of February, A.D., 2008, at the hour of

14  approximately 1:30 o'clock p.m.

15      PRESENT:

16          MARJORIE SCHER,
                   On behalf of the Petitioner;
17
            MOSES TUGUME,
18                 Appeared pro se.

19
   Barbara Franger,
20 Official Court Reporter
   No. 84-001803
21

22                                  FILED

23                              APR 24 2008

24                              CIRCUIT CLERK

©COPY

1                    ROSITA MEDINA,

2   called as a witness herein, having been first duly

3   sworn, was examined and testified as follows:

4                    DIRECT EXAMINATION

5        MS. SCHER:  Q. State your name?

6        A    Rosita Medina.

7        Q    Do not speak too quickly.  She is typing

8   up everything you say.  Okay.  Number two, keep

9   your voice up.

10       A    Okay.

11       Q    Briefly, you have two children, correct?

12       A    Four.

13       Q    Two children with Mr. Tugume?

14       A    Yes.

15       Q    And have those children resided in the

16  County of Lake, State of Illinois more than

17  6 months before today's date?

18       A    No.

19       Q    Have they resided in the County of Lake,

20  State of Illinois more than six months before

21  today?

22       A    Yes.

23       Q    Are you employed?

24       A    Yes.

1    times.   I was not going to move all of that by

2    myself with four kids.

3         Q     So when did you donate that?

4         A     Two weeks after -- before I moved out of

5    there.

6         Q     So that would have been around December

7    of 2006?

8         A     It was in December, yes.

9         Q     Now Moses is seeking his briefcase with

10   personal documents such as immigration approval.

11   Do you have that immigration approval?

12        A     All the immigration papers I have.   I do

13   have the briefcase.   Like all his immigration

14   documents,   passports, all the most important

15   things the police station has it.

16        Q     So that is not in your possession?

17        A     Right.

18        Q     Then Moses has requested 40 more music

19   C.D.'s, DVD and stereo?

20        A     All of that is donated except for the

21   stereo system.   I do have it.

22        Q     Is that Moses -- or was that acquired

23   during the marriage?

24        A     He was working at Salvation Army.   They

1          The Court does not make a finding that

2     she did not donate these things.  The Court frankly

3     would order those books to be sold for the benefit

4     of these children due to the fact as of right now

5     Mr. Tugume is going to be in jail until 2016 and,

6     therefore, will not be supporting those children.

7          So were those books to exist, they would

8     be sold for the benefit of the children.  The Court

9     does not find that they exist; however, at least in

10    Ms. Medina's possession.  The Court will order the

11    briefcase be returned to Mr.  Tugume which Ms.

12    Medina has.  The Court makes no ruling regarding

13    immigration papers because apparently the police

14    have those.  The Court will order the stereo system

15    be returned to the designee of Mr. Medina within

16    45 days.

17         MR. TUGUME:  I don't need it.

18         THE COURT:  Court will vacate that order and

19    that will not be returned. Ms.  Medina, do you want

20    the video camera back?

21         MR. TUGUME:  Yes.

22         THE COURT:  I meant to ask that of Mr. Tugume.

23    Video camera to be returned within 45 days to the

24    designee of Mr. Tugume.  The Court will sign a QDRO

1  STATE OF ILLINOIS    )
                        )   SS:
2  COUNTY OF L A K E    )

3

4          I, Barbara Franger, Official Shorthand

5  Reporter of the Circuit Court of Lake County, do

6  hereby certify that I reported in shorthand the

7  evidence had in the above-entitled cause and that

8  the foregoing is a true and correct transcript of

9  all the evidence heard.

10

11

12  _____
    Official Shorthand Reporter
    Circuit Court of Lake County
13  RPR, CSR #084-001803

14

15

16

17

18

19

20

21

22

23

24

12/04/2006

# Mundelein Police Department
## Department Case Report
### Department Case Number: 06-16845

#### Case Items

**Item Number: 011**

Container #:            Process:

Status/Location: Item Submitted Into Property - Temp. Locker T004

Collection Date/Time: 12/03/2006 - 17:53Hrs          Collection Purpose: Inv. Evidence

Collected By: 207 - P. Rathke          Hazmat: Bio Hazard

Collection Location: NORTHEAST BEDROOM, NORTH SIDE

Packaging/Quantity/Item Type: One sealed paper bag with: - 1 - Collected item w/ stain(s)

Detail Description: 1 PIECE OF CARPET W/STAIN APPROX. SIZE 16" x 14" - SAMPLE #1

Owner: There is no owner associated with this item

Make/Model:          Value: $0.00

Weight Received:          Weight Disposed:

Item Notes: SEND TO LAB FOR DNA ANALYSIS

**Item Number: 012**

Container #:            Process:

Status/Location: Item Submitted Into Property - Temp. Locker T004

Collection Date/Time: 12/03/2006 - 17:53Hrs          Collection Purpose: Inv. Evidence

Collected By: 207 - P. Rathke

Collection Location: NORTHEAST BEDROOM, WEST SIDE

Packaging/Quantity/Item Type: One sealed paper bag with: - 1 - Other item(s)

Detail Description: 1 PIECE OF CARPET WITHOUT STAIN APPROXIMATE SIZE 14" x 16" - SAMPLE #2

Owner: There is no owner associated with this item

Make/Model:          Value: $0.00

Weight Received:          Weight Disposed:

Item Notes: SEND TO LAB FOR DNA ANALYSIS

**Item Number: 013**

Container #:            Process:

Status/Location: Item Submitted Into Property - Temp. Locker T004

Collection Date/Time: 12/03/2006 - 17:53Hrs          Collection Purpose: Inv. Evidence

Collected By: 207 - P. Rathke

Collection Location: NORTHEAST BEDROOM ON FLOOR NEXT TO BLUE JEANS

Packaging/Quantity/Item Type: One sealed paper bag with: - 1 - Clothing

Detail Description: 1 BLACK 3/4 LENGTH JACKET

Owner: MOSES TUGUME

Make/Model: FR TRIPLER AND CO.          Value: $0.00

Weight Received:          Weight Disposed:

Item Notes: TO BE HELD FOR COURT

**Item Number: 014**

Container #:            Process:

Status/Location: Item Submitted Into Property - Temp. Locker T004

Collection Date/Time: 12/03/2006 - 17:53Hrs          Collection Purpose: Inv. Evidence

Collected By: 207 - P. Rathke          Hazmat: Bio Hazard

Collection Location: NORTHEAST BEDROOM ON FLOOR- MIDDLE OF ROOM

Packaging/Quantity/Item Type: One sealed paper bag with: - 1 - Collected item w/ stain(s)

Detail Description: 1 CRIMSON RED PILLOW CASE WITH STAIN

Owner: MOSES TUGUME

Make/Model:          Value: $0.00

Weight Received:          Weight Disposed:

Item Notes: TO BE SENT TO THE LAB FOR DNA ANALYSIS.

Exhibit NO 6

# Mundelein Police Department
## Department Case Report
### Department Case Number: 06-16845
#### Case Items

---

**Item Number: 023**

**Container #:**                                                      **Process:**
**Status/Location:** Item Submitted Into Property - Temp. Locker T004
**Collection Date/Time:** 12/04/2006 - 01:00Hrs          **Collection Purpose:** Inv. Evidence
**Collected By:** 207 - P. Rathke
**Collection Location:** MUNDELEIN POLICE DEPT. 221 N. LAKE ST. MUNDELEIN, IL 60060
**Packaging/Quantity/Item Type:** One sealed paper bag with: - 1 - Clothing
**Detail Description:** 1 PAIR BLUE JEANS SIZE 34x32 WORN BY SUSPECT
**Owner:** MOSES TUGUME
**Make/Model:** USA CLASSIC                                                      **Value:** $0.00
**Weight Received:**                           **Weight Disposed:**
**Item Notes:** SEND TO LAB FOR DNA ANALYSIS

---

**Item Number: 024**

**Container #:**                                                      **Process:**
**Status/Location:** Item Submitted Into Property - Temp. Locker T004
**Collection Date/Time:** 12/04/2006 - 01:00Hrs          **Collection Purpose:** Inv. Evidence
**Collected By:** 207 - P. Rathke
**Collection Location:** MUNDELEIN POLICE DEPT. 221 N. LAKE ST. MUNDELEIN, IL 60060
**Packaging/Quantity/Item Type:** One sealed paper bag with: - 1 - Clothing
**Detail Description:** 1 BLACK LONG SLEEVED DRESS SHIRT SIZE LARGE
**Owner:** MOSES TUGUME
**Make/Model:** MOST WANTED                                                      **Value:** $0.00
**Weight Received:**                           **Weight Disposed:**
**Item Notes:** SEND TO LAB FOR DNA ANALYSIS

---

**Item Number: 025**

**Container #:**                                                      **Process:**
**Status/Location:** Item Submitted Into Property - Temp. Locker T004
**Collection Date/Time:** 12/04/2006 - 01:00Hrs          **Collection Purpose:** Inv. Evidence
**Collected By:** 207 - P. Rathke
**Collection Location:** MUNDELEIN POLICE DEPT. 221 N. LAKE ST. MUNDELEIN, IL 60060
**Packaging/Quantity/Item Type:** One sealed paper bag with: - 1 - Other item(s)
**Detail Description:** 1 BROWN PIECE OF PAPER - DROP CLOTH FOR SUSPECT WHEN CHANGING
**Owner:** There is no owner associated with this item
**Make/Model:**                                                      **Value:** $0.00
**Weight Received:**                           **Weight Disposed:**
**Item Notes:** SEND TO LAB FOR DNA ANALYSIS

---

**Item Number: 026**

**Container #:**                                                      **Process:**
**Status/Location:** Item Submitted Into Property - Temp. Locker T001
**Collection Date/Time:** 12/04/2006 - 01:00Hrs          **Collection Purpose:** Inv. Evidence
**Collected By:** 207 - P. Rathke
**Collection Location:** 54 WASHINGTON, 106, CLOSET OF NE BEDROOM
**Packaging/Quantity/Item Type:** The following item was collected: - 1 - Other item(s)
**Detail Description:** BLACK OMEGA SUITCASE CONTAINING MISCELLANEOUS PAPERS.
**Owner:** MOSES TUGUME
**Make/Model:** OMEGA                                                      **Value:** $0.00
**Weight Received:**                           **Weight Disposed:**
**Item Notes:** TO BE HELD PENDING COURT.

---

# Mundelein Police Department
## Department Case Report
### Department Case Number: 06-16845
#### Case Items

**Item Number: 027**

Container #:                                                    Process:
Status/Location: Item Submitted Into Property - Temp. Locker T001
Collection Date/Time: 12/04/2006 - 01:00Hrs
Collected By: 207 - P. Rathke                    Collection Purpose: Inv. Evidence
Collection Location: UNDERNEATH BED IN MASTER BEDROOM
Packaging/Quantity/Item Type: The following item was collected: - 1 - Other item(s)
Detail Description: BLUE SENTRY LOCKBOX CONTAINING MISCELLANEOUS PAPERS
Owner: MOSES TUGUME
Make/Model: SENTRY                                                          Value: $0.00
Weight Received:                          Weight Disposed:
Item Notes:  TO BE HELD PENDING COURT.

**Item Number: 028**

Container #:                                                    Process:
Status/Location: Item Submitted Into Property - Temp. Locker T001
Collection Date/Time: 12/04/2006 - 01:00Hrs
Collected By: 207 - P. Rathke                    Collection Purpose: Inv. Evidence
Collection Location: BACK POCKET OF BLACK OMEGA SUITCASE- CLOSET OF NE BEDROOM
Packaging/Quantity/Item Type: One sealed plastic bag with: - 1 - Other item(s)
Detail Description: 2 SKOL VODKA BOTTLES
Owner: MOSES TUGUME
Make/Model:                                                                 Value: $0.00
Weight Received:                          Weight Disposed:
Item Notes:  TO BE HELD PENDING COURT.

**Item Number: 029**

Container #:                                                    Process:
Status/Location: Item Submitted Into Property - Temp. Locker T001
Collection Date/Time: 12/04/2006 - 01:00Hrs
Collected By: 207 - P. Rathke                    Collection Purpose: Inv. Evidence
Collection Location: INSIDE BLUE SENTRY LOCKBOX.
Packaging/Quantity/Item Type: One sealed plastic bag with: - 1 - Other item(s)
Detail Description: BLACK CASE AND 4 PASSPORTS BELONGING TO MOSES
Owner: MOSES TUGUME
Make/Model:                                                                 Value: $0.00
Weight Received:                          Weight Disposed:
Item Notes:  TO BE HELD PENDING COURT.

**Item Number: 030**

Container #:                                                    Process:
Status/Location: Item Submitted Into Property - Temp. Locker T001
Collection Date/Time: 12/04/2006 - 01:00Hrs
Collected By: 207 - P. Rathke                    Collection Purpose: Inv. Evidence
Collection Location: ON TOP OF DESKTOP COMPUTER IN FAMILY ROOM.
Packaging/Quantity/Item Type: One sealed plastic bag with: - 1 - Other item(s)
Detail Description: GRAY RCA DIGITAL BROADBAND CABLE BOX
Owner: MOSES TUGUME
Serial #: 00710-429509172
Make/Model: RCA/DCM325                                                      Value: $0.00
Weight Received:                          Weight Disposed:
Item Notes:  TO BE HELD PENDING INVESTIGATION.

# Mundelein Police Department
## Department Case Report
### Department Case Number: 06-16845

### Case Items

**Item Number: 031**

**Container #:**  **Process:**

**Status/Location:** Item Submitted Into Property - Garage
**Collection Date/Time:** 12/04/2006 - 01:00Hrs    **Collection Purpose:** Inv. Evidence
**Collected By:** 207 - P. Rathke
**Collection Location:** FAMILY ROOM.
**Packaging/Quantity/Item Type:** The following item was collected: - 1 - Other item(s)
**Detail Description:** GRAY COMPAQ EVO DESKTOP COMPUTER
**Owner:** MOSES TUGUME
**Make/Model:** COMPAQ/EVO    **Value: $0.00**

**Weight Received:**    **Weight Disposed:**
**Item Notes:** TO BE HELD PENDING INVESTIGATION

---

**Item Number: 032**

**Container #:**  **Process:**

**Status/Location:** Item Submitted Into Property - FILM
**Collection Date/Time:** 12/04/2006 - 01:00Hrs    **Collection Purpose:** Inv. Evidence
**Collected By:** 207 - P. Rathke
**Collection Location:** 54 WASHINGTON, APT 106.
**Packaging/Quantity/Item Type:** One sealed envelope with: - 1 - Film
**Detail Description:** 1 ROLL OF 35 MM FILM
**Owner:** There is no owner associated with this item
**Make/Model:**    **Value: $0.00**

**Weight Received:**    **Weight Disposed:**
**Item Notes:** TO BE SENT TO THE PHOTO LAB FOR DEVELOPMENT.

---

### Lab Submissions

Case Officer Signature    Date    Supervisor Signature

\\mpd3\etrackado\Department Case.PLC    Page 9 of 9

Exhibit No 7

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MOSES TUGUME, SR.,                )
                                  )
    Plaintiff,                    )
                                  )
    -vs-                          )   NO: 07 CV 6211
                                  )
OFFICER PHIL RATHKE,              )
                                  )
    Defendant.                    )

### DEFENDANT'S ANSWERS TO INTERROGATORIES & RESPONSE TO PRODUCTION REQUEST

NOW COMES the Defendant, PHILLIP RATHKE, by and through his attorneys, O'REILLY LAW OFFICES, and as for his answer to the Plaintiff, MOSES TUGUME, SR.'s, Interrogatories and response to Production Request, states as follows:

1.    State your current title and number (badge) with the Mundelein Police Department.

ANSWER:    Phillip Rathke, #207.

2.    State your title with the Mundelein Police Department during the time of December 3, 2006-May 31, 2007.

ANSWER:    Patrol Officer.

3.    State your duties/or responsibilities at the Mundelein Police Department during the said period. If those duties are set forth in any hiring documents, produce them.

ANSWER:    See attached description of the Patrol Officer position and general order 99-5 pertaining to Evidence Technicians.

4.    State your duties and/or responsibility to Plaintiff and the residents of the Village of Mundelein and the people of the State of Illinois. If there are documents to this effect, produce them.

ANSWER:    Objection vague and/or overbroad. Without waiving said objection, see attached description of the Patrol Officer position.

5.    State the procedure(s) that you or your agents follow when called to investigate a sexual assault crime scene or homicide scene for that matter. If those procedures are set forth in any documents produce such.

ANSWER:    See general order 00-4R pertaining to investigations.

COPY

6.    What is your highest education level? How long have you been employed with the Mundelein Police Department? If there are documents to these qualifications produce them.

ANSWER:    No search warrant was sought or issued with respect to the premises at 54 Washington Blvd on December 3, 2006.

        (d)    State if you possessed search and seizure warrant to seizure plaintiffs omega suitcase and lockbox on the 3rd day of December, 2006. If so, produce it.

ANSWER:    No search warrant was sought or issued with respect to the property at 54 Washington Blvd on December 3, 2006. Officer Rathke obtained verbal and written consent from Rosita Medina, who at the time was the leaseholder/tenant of the premises and the spouse of the Plaintiff. See written consent.

        (e)    State if plaintiff gave you consent to search his premises, person, computer, papers, passports, government issued documents on December 3, 2006. If so, produce such document.

ANSWER:    Phillip Rathke did not request the consent of the Plaintiff. Officer Rathke obtained verbal and written consent from Rosita Medina, who at the time was the leaseholder/tenant of the premises and the spouse of the Plaintiff. See written consent.

        (f)    State if Rosita Medina gave you consent to search the apartment that she shared with plaintiff on the night/day in question. If so, produce this document.

ANSWER:    Officer Rathke obtained verbal and written consent from Rosita Medina, who at the time was the leaseholder/tenant of the premises and the spouse of the Plaintiff. See written consent.

        (g)    State if you had a search warrant to search and seize evidence in the east wing bedroom, the girls' bedroom and the kitchen area of the premises on the 3rd day of December, 2006. If so, produce it.

ANSWER:    Officer Rathke obtained verbal and written consent from Rosita Medina, who at the time was the leaseholder/tenant of the premises and the spouse of the Plaintiff. See written consent.

        (h)    State why before the spouse of plaintiff arrived (Rosita Medina) you did not notify your superior on the requirement to get a court warrant the proper way.

ANSWER:    Objection to the form of the question. Officer Rathke obtained verbal and written consent from Rosita Medina, who at the time was the leaseholder/tenant of the premises and the spouse of the Plaintiff.

        (i)    State if there was an emergency of big proportion to curtail the necessity of proper procedure. If there is a manual for this conduct, produce it.

ANSWER:    Objection to the form of the question. Officer Rathke obtained verbal and written consent from Rosita Medina, who at the time was the leaseholder/tenant of the premises and the spouse of the Plaintiff.

10.    State if you or your agent received a 911 call to respond to the premises from Yamalie Mendez on the 3rd day of December, 2006. If so, produce this audio 911 recording.

ANSWER:    Objection relevance.    Without waiving said objection, dispatch received and recorded a 911 call to respond to the premises on December 3, 2006. Phillip Rathke is not in possession of said recording.

(a)    State if you or your agent(s) interviewed the alleged victim and if you had the consent of her parent since she is a minor. If so, produce such parental consent document and videotape recording of such interview.

ANSWER:    Phillip Rathke did not conduct an interview of the victim. An interview was conducted by another police officer with the knowledge and consent of the victim and her apparent guardian and aunt.

(b)    State the procedure used to handle sexual assault investigations. If there are documents/manuals, produce them.

ANSWER:    See general order 00-4R pertaining to investigations.

(c)    State if you or your agent had a search warrant to remove plaintiff's personal computer from the premises on December 3,2 006. If so, produce it.

ANSWER:    Officer Rathke obtained verbal and written consent from Rosita Medina, who at the time was the leaseholder/tenant of the premises and the spouse of the Plaintiff. See written consent.

(d)    State if you or your agent(s) performed a complete forensic analysis of all internal and removable storage media. If so, produce the report of this analysis (of the plaintiff's computer).

ANSWER:    Officer Rathke did not perform any analysis of the computer. No reports were generated regarding analysis of the subject computer.

(e)    State if you or your agents had a search warrant to search for the plaintiff's computer's serial number located at the back of the computer (Compaq service No. V209JI/FZB064 Tower PC).

ANSWER:    See Plaintiff's written consent to search the subject computer.

(f)    State where the computer was located when plaintiff signed a consent to have the police department perform a complete forensic analysis and where was the plaintiff when the foregoing consent was signed. If there are documents, produce them.

ANSWER:    Officer Rathke is without direct knowledge as to the precise location of the computer at the time Plaintiff provided his written consent to search the subject computer.

4

      (g)    State if there have been complaints filed against you or your agents for including but not limited to racial police profiling, police brutality, official misconduct, in the last twenty years to the present. Produce these reports.

ANSWER:    Objection overbroad. Without waiving said objection, Officer Phillip Rathke has not been the subject of complaints suggesting racial police profiling, police brutality, or official misconduct.

      (h)    State if you have investigated a domestic violence dispute between plaintiff and his spouse Rosita Medina in the last five years or whom of your fellow officers has. If so, produce these documents.

ANSWER:    Objection overbroad. Without waiving said objection, Officer Phillip Rathke has not investigated a domestic violence dispute between plaintiff and his spouse Rosita Medina in the last five years.

      (i)    State if you have been to the premises of 54 Washington Blvd, Apt. 106, Mundelein prior to December 3, 2006 responding to any calls, or your agents. If so, produce these documents.

ANSWER:    Objection overbroad. Without waiving said objection, Officer Phillip Rathke has not been to the premises of 54 Washington Blvd, Apt. 106, Mundelein prior to December 3, 2006.

      (j)    State if you or your agents interrogated plaintiff on December 3, 2006 while investigating allegations against him. If so, produce these interrogation audiotapes and reports.

ANSWER:    Officer Rathke did not interrogate Plaintiff and is not aware of audio or videotape being created of the interrogation of Plaintiff. See supplemental report excerpts containing statements of Plaintiff.

      (k)    State if you signed off on the plaintiff's sexual assault investigation reports including, but not limited to, computer forensic analysis reports, rape kit analysis, clothes, complaint documents. Produce all documents in investigation (police report # 06-16845).

ANSWER:    Objection overbroad. Without waiving said objection, Officer Rathke prepared and signed a supplemental report. See investigation file.

## PROOF OF SERVICE

The undersigned certifies that a copy of the Defendant's Answers to Interrogatories and Response to Production Request was served upon:

> Moses Tugume, Sr.
> R-60977
> Ina - BMRCC
> P. O. Box 900
> Ina, IL  62846

by enclosing the same in an envelope addressed as shown above, with first-class postage fully prepaid and by depositing said envelope in a United States Post Office Mailbox in Wheaton, Illinois, on the 22nd day of February, 2008.

_John O' Reilly_

_____

O'REILLY LAW OFFICES
Attorneys for Defendant
1751 South Naperville Road, Suite 101
Wheaton, IL 60187
Telephone No. 630/665-4444
Attorney No. 6209668
E-mail:  oreillylaw@msn.com

3 COPIES OF This
  DNA REPORT with
PUBLIC DeFenders Statements
  on
  FILE Victim redacted

  EXhibit NO 8

3 copies of Summary
Order of
Appeallate Court

Exhibit No 9

3 Copies of my
Computer
    Back Part

Exhibit No 10

3 copies of my
Computer Front part.

Exhibit NO 11

3 COPiES OF Omega
Suitcase with
broken Zipper / padlock
Broken

Exhibit NO 12

3 Copies of Upfront

Suitcase omeyer

EXI Exhibit No 13

3. Copies of my
Omega Suitcase

EX 14

3 COPIES OF
MY LOCKBOX

EX 15

3 COPIES OF DNA

CASE Correspondence form

Exhibit No 16

3 COPIES OF Defendant's

2nd SET OF Interrogatories

Exhibit 17

4 3 COPIES OF

Prisoner OBServation LOG

Exhibit 18

COPIES TO BE

MADE

✳ CORRESPONDENCE OF APPELLEE TO APPELLANT

MEDINA, ROSITA TO MOSES, TYGIME

PALATINE IL 600
11 JAN 2008 PM 2 T

Moses Tygime
R60977
PO BOX 900 IWA IL
62846

3A16

62846+0900 B050

Exhibit NO19

Medina & Rosita
Tygime
33 S Snaddle Que
Mundelin IL 60060





May the Joy of the

Christmas Season

be Yours Throughout

the New Year



# PRISONER OBSERVATION LOG

| Name | TUGUME, MOSES | | | **Mundelein PD** |
|---|---|---|---|---|
| BOOKING # 200601638 | Case # 06-16845 | | | **221 North Lake St.** |
| Arrest Date 12-03-2006 | Cell Code M5 | | | Mundelein, IL 60060 |
| Print Date 12-04-2006  15:45 | Page # Page 1 of 1 | | | Tel: 847-968-4600   Fax: 847-949-3254 |

| DATE | TIME | OFFICER | OBSERVED | COMMENTS |
|---|---|---|---|---|
| 12-03-2006 | 18:16 | OFC. WILFENGER, RICK | Placed into Cell | |
| 12-03-2006 | 18:53 | CMDR. RICHARDS, MICHAEL | Checked OK | |
| 12-03-2006 | 19:26 | CMDR. RICHARDS, MICHAEL | Checked OK | |
| 12-03-2006 | 19:59 | CMDR. RICHARDS, MICHAEL | Checked OK | |
| 12-03-2006 | 20:30 | CMDR. RICHARDS, MICHAEL | Checked OK | |
| 12-03-2006 | 20:50 | CMDR. RICHARDS, MICHAEL | Checked OK | |
| 12-03-2006 | 21:29 | CMDR. RICHARDS, MICHAEL | Checked OK | |
| 12-03-2006 | 21:58 | CMDR. RICHARDS, MICHAEL | Other | Took lighter away from prisoner. |
| 12-03-2006 | 23:10 | INV. HERGOTT, MARC | Interview | Taken to interview room in investigation office |
| 12-04-2006 | 02:00 | INV. HERGOTT, MARC | Placed into Cell | |
| 12-04-2006 | 02:01 | OFC. SEELEY, JASON | | Transfered to cell: M5 |
| 12-04-2006 | 07:58 | OFC. GUZMAN, JUAN | Fed | |
| 12-04-2006 | 10:04 | INV. HERGOTT, MARC | Interview | Taken to interview room in investigation office |
| 12-04-2006 | 10:30 | OFC. SEELEY, JASON | Other | Processed |
| 12-04-2006 | 11:00 | OFC. SEELEY, JASON | Placed into Cell | placed back in cell |
| 12-04-2006 | 13:30 | OFC. SEELEY, JASON | Transport to Bond Court | |
| 12-04-2006 | 14:30 | OFC. SEELEY, JASON | | Remanded to Lake County Jail on a $1,000,000.00 bond. |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MOSES TUGUME, SR.,                    )
                                      )
            Plaintiff,                )
                                      )
        -vs-                          )        NO: 07 CV 6211
                                      )
OFFICER PHIL RATHKE,                  )
                                      )
            Defendant.                )

## DEFENDANT'S ANSWERS TO PLAINTIFF'S 2ND SET OF INTERROGATORIES & RESPONSE TO PRODUCTION REQUEST

NOW COMES the Defendant, PHILLIP RATHKE, by and through his attorneys,

O'REILLY LAW OFFICES, and as for his answers to the Plaintiff, MOSES TUGUME, SR.'s, 2nd

set of Interrogatories and response to Production Request, states as follows:

11.    Pursuant to the Federal Rule of the civil procedure provide the names and addresses of each witness, expert witness or other person who will offer testimony including but not limited to expert testimony at trial. (a) through (e).

ANSWER:    In addition to any and all individuals listed on any of Plaintiff's disclosures and pleading or filings herein as well as all of the police reports previously produced herein, the following individuals employed with the Mundelein Police Department, 221 North Lake Street, Mundelein, IL 60060, may be called to testify as to the facts and circumstances of the search and seizure conducted pursuant to lawful consent and/or the circumstances of the police dispatch, response, investigation, reporting and arrest of the Plaintiff, as well as, the procedures followed with respect to the lawful search, the arrest, investigation of crime, prosecution of crime and conviction of Plaintiff for the subject crime:

Phillip Rathke
Mark Hergott
Jason Seeley
John Sturlini
Dan Schmidt
Rick Wilfenger'
Jakob Anderson
Tom Purdue
John Monahan



If necessary, Lake County Assistant States Attorney, MaryKatherine Foy, may establish that Plaintiff plead guilty and was convicted of aggravated criminal sexual assault of a minor.

The following individuals are potential witnesses at trial for purposes of testifying as to the facts and circumstances of the authorized consent provided for the search and seizure of evidence at 54 Washington Boulevard, Mundelein, Illinois, the search and seizure of evidence, the circumstances of the crime, the 911 call, the police dispatch communication, the police response, Plaintiff's conduct at all times, the investigation, arrest of Plaintiff. (For information and addresses see police reports previously produced herein).

Rosita Medina, address unknown.
Yamalie Mendez
Maria Mendez


     (g)     State the current location of Plaintiff's lockbox, computer and omega suitcase or other property including Plaintiff's passports.

ANSWER:     Evidence room at Mundelein Police Department.

     (f)     State more specifically the current location of Plaintiff's immigration green card, social security cards, fiod card, master immigration and naturalization file, asylum file, computer, personal U.S. mail, and all the contents of his omega suitcase.

ANSWER:     Evidence room at Mundelein Police Department.

     (h)     State the method by which you accessed Plaintiff's omega suitcase and got a hold of his immigration files or applications and U.S. mail from Dennis Crimi of Saratoga Springs, New York to Plaintiff's address in West Palm Beach, Florida, produce evidence, if any.

ANSWER:     Objection This Defendant does not recall the manner that he opened the omega suitcase and has no recollection of having accessed U.S. mail.

     (i)     State if you took photos of the evidence or crime scene at the premises, produce copies of these.

ANSWER:     See photographs of crime scene.

     (j)     Produce all/full reports of Plaintiff's contact with the Mundelein Police Department in the last five years.

ANSWER:     See reports attached. (Photographs of complainants and/or victims have been redacted to preserve their rights).

Northeastern Illinois Regional Crime Laboratory
## Case Correspondence Form

**Laboratory Case Number:** 07-5442

---

☑ Telephone Conversation
☐ Request for Copy(s)
☐ Other _____

Spoke w/ det. Herget. Wants to know if DNA has been worked because if not he will need to ask for an extension. Told him Ken will call back.

Date: 2/15/07  Time: 750 hrs.  Initials: SE

---

☑ Telephone Conversation
☐ Request for Copy(s)
☐ Other _____

TALKED W/ HERGET HE REQUESTED SEMEN ANALYSIS ON 03. IT WAS AN ORAL SWAB COLLECTED AS A STD. BEFORE V WENT TO HOSPITAL WILL PERFORM AP w/ MICRO. ALSO REQUESTED EXTENSION TO RERUN S's DNA SAMPLE

Date: 2/15/07  Time: 9°° hrs.  Initials: KF

---

☑ Telephone Conversation
☐ Request for Copy(s)
☐ Other _____

Joan Seeley said ASA requested analysis on items of 05 for Friday court

Date: 3/16/7  Time: 230 hrs.  Initials: aBH

---

☑ Telephone Conversation
☐ Request for Copy(s)
☐ Other _____

TALKED w/ SEELEY. AGREED TO RUSH CASE. ONLY NECESSARY TO SHOW V/S LINK ON UNDERWEAR BELONG TO S. S. STATED HAD SEX w/V AT LOCATION ON CARPET, too complicated FOR V. WILL EXTRACT STAINS no DIFFERENTIAL IN BLD TESTING

Date: 3/26/07  Time: 3°° hrs.  Initials: KF

---

☑ Telephone Conversation
☐ Request for Copy(s)
☐ Other _____

TALKED w/ HERGET GAVE VERBALS ON RESULTS. NEED TO RERUN SAMPLES, BUT also NEED STD FROM MOTHER.

Date: 4/2/07  Time: 10°° hrs.  Initials: KF



**FILED**

MAY 0 7 2008

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

No. 2--07--1128

IN THE

**R**E**C**E**I**V**E**D

MAY 0 8 2008

OFFICE OF THE STATE
APPELLATE DEFENDER

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--CF--4882 |
| MOSES B. TEGUME, | ) ) | Honorable James K. Booras, |
| Defendant-Appellant. | ) | Judge, Presiding. |

### SUMMARY ORDER

Defendant, Moses B. Tegume, entered a negotiated plea of guilty to predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 2006)) and was sentenced to the agreed term of 11 years' imprisonment. Defendant filed no postjudgment motion. We allowed him to file a late notice of appeal (see 210 Ill. 2d R. 606(c)). On appeal, defendant contends that, because the trial court did not admonish him of his appeal rights in strict compliance with Supreme Court Rule 605(c) (210 Ill. 2d R. 605(c)), the cause must be remanded for proper admonishments and so that he may file a proper postjudgment motion. We remand the cause.

After accepting defendant's guilty plea, the trial court admonished him as follows:

"All right. With that, sir, you have the right to appeal the decisions, but prior to doing that within thirty days you must first file a written motion asking that pursuant to Supreme

No. 2--07--1128

Court Rule 605--C [sic] asking to have the judgment vacated and for leave to withdraw your guilty plea, setting forth your grounds for said motion.

Any grounds, legally issues [sic], claims of error not raised will be deemed waived. If the motion is allowed, the plea of guilty, sentencing, and judgment will be vacated; and a new trial date will be set on the charges which the plea was made [sic] along with other charges that were either reduced or dismissed as part of the negotiation.

If you are indigent and not able to afford an attorney for an appeal, one will be appointed free of charge to represent you on the appeal along with a free transcript would be made available to you and your attorney, so you can pursue your appeal and file the presentation of evidence."

Defendant observes that he did not comply with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)) by filing a postjudgment motion to withdraw his negotiated guilty plea and that, ordinarily, such noncompliance would require us to dismiss his appeal. See People v. Foster, 171 Ill. 2d 469, 472 (1996). However, defendant notes, an exception applies when the trial court failed to provide proper admonishments under Rule 605(c). People v. Lloyd, 338 Ill. App. 3d 379, 383-84 (2003). Defendant contends that the exception applies here. We agree.

Rule 605(c) requires strict compliance.. Lloyd, 338 Ill. App. 3d at 384. It requires a trial court to inform a defendant that (1) he has a right to appeal; (2) before taking the appeal, he must file in the trial court a written motion to vacate the judgment and withdraw the guilty plea, setting forth the grounds for the motion; (3) if the motion is allowed, the guilty plea, judgment, and sentence will be vacated and a trial date will be set on the charges to which the guilty plea was made; (4) upon the State's request, any charges that may have been dismissed as part of a plea agreement will be

No. 2--07--1128

reinstated and set for trial; (5) if the defendant is indigent, a free copy of the transcript of the proceedings at the time of the guilty plea and sentence will be provided and counsel will be appointed to assist the defendant with the preparation of the motion; and (6) in any appeal taken from the judgment on the guilty plea, any issue or claim of error not raised in the motion to vacate the judgment and withdraw the plea shall be deemed waived. 210 Ill. 2d R. 605(c).

Here, the trial court did not strictly comply with Rule 605(c). The court completely omitted the fifth admonishment: it did not tell defendant that, if he was indigent, he had the right to a free transcript and the right to have counsel appointed to assist him in preparing the proper postjudgment motion. The right to the assistance of counsel in preparing and presenting a postjudgment motion is guaranteed by Rule 604(d) (People v. Lofton, No. 4--06--0382, slip op. at 7 (October 11, 2007), and the failure to mention this right is by no means trivial (Lloyd, 338 Ill. App. 3d at 385).

The State contends that defendant should not be allowed to invoke the "admonishment exception" to excuse his failure to file a postjudgment motion, as the trial court did admonish of the need to file such a motion. However, we decline to depart from case law requiring strict compliance with Rule 605(c), and we shall not speculate on whether the trial court's error prejudiced defendant.

The remedy for the failure to comply strictly with Rule 605(c) is to remand the cause to the trial court with directions to provide the defendant proper admonishments and 30 days in which to file a proper postjudgment motion. See Lloyd, 338 Ill. App. 3d at 385-86. Therefore, in accordance with Supreme Court Rule 23(c)(2) (166 Ill. 2d R. 23(c)(2)), the cause is remanded with directions.

Remanded with directions.

BOWMAN, J., with HUTCHINSON and GILLERAN JOHNSON, JJ., concurring.

Joy Gossman
Public Defender

 **Lake**County

15 South County Street
Waukegan, Illinois 60085 5503
Phone 847 377 3380
Fax 847 360 5923
pubdef@co.lake.il.us

September 21, 2007

Moses Tugume
R60977
Big Muddy Correctional Center
P.O. Box 900
Ina, Illinois 62846

Dear Mr. Tugume

[ 5 months ago ]

I received your request for the DNA results some time ago, however, at that time the Assistant States Attorney had not received the results. She received the report on September 19, 2007 and faxed them to my office. I am forwarding them to you now. If you have any questions please feel free to contact my office.

Sincerely,

*Moira G. Mercure*

Moira G. Mercure
Assistant Public Defender

Juvenile Division
Suite 308
24647 N Highway 21
Vernon Hills, Illinois 60061
Phone 847 634 3332

Investigations Room 236
Babcox Justice Center
Phone 847 377-4001

# Northeastern Illinois Regional Crime Laboratory

1000 Butterfield Road, Suite 1009, Vernon Hills, IL 60061
Phone: (847) 362-0676  Fax: (847) 362-0712

Board President
William Gallagher

Executive Director
Garth Glassburg

*CC ;*
*CHIEF ROSE*
*INU*
*~~FELONY REVIEW~~*
*OFC RATHKE*
*FILE*
*1/4/07 JK*

Chief Raymond Rose
Mundelein Police Department
221 North Lake Street
Mundelein, IL 60060

**Subject:** Sexual Assault Investigation
**Agency Case #:** ~~06-003505~~
**Case Officer:** P. Rathke
**Submission Date:** 12/06/2006

**Laboratory Case #:** 06-5442
**Laboratory Report #:** 1
**Report Date:** 12/22/2006

**Case Names:**       MOSES B TUGUME
~~Destiny Medina~~ *Alleged Victim redacted*

~~The following~~ evidence was submitted in a sealed condition:

**ITEM 01**       One sealed "Illinois State Police Sexual Assault Evidence Collection Kit"
(022)         (designated as being collected from "Destiny Medina") consisting of:

Exhibit 01   one sealed envelope containing one cardboard box containing swabs
identified as vaginal swabs

Exhibit 02   one sealed envelope containing one cardboard box containing swabs
identified as anal swabs

Exhibit 03   one sealed envelope containing one cardboard box containing swabs
identified as oral swabs

Exhibit 04   one sealed envelope containing filter paper with stains identified as
the known blood standard of "~~Destiny Medina~~"

Exhibit 05   one sealed envelope with contents identified as head hair combings

Exhibit 06   one sealed envelope with contents identified as pubic hair combings

Exhibit 07   one sealed envelope containing two sealed envelopes with contents
identified as fingernail scrapings from left and right hands

Exhibit 08   one sealed envelope containing one paper sheet identified as
miscellaneous debris collection

Exhibit 09   one sealed envelope containing one cardboard box containing one
swab identified as "bilateral wrists"

Exhibit 10   one sealed envelope containing one cardboard box containing one
swab identified as "left leg"

Exhibit 11   one sealed envelope containing one cardboard box containing one
swab identified as "right leg"

**RECEIVED**

JAN 0 4 2007

MUNDELEIN POLICE DEPT

Lab Case        06-5442
Lab Report #    1
Analyst         Sarah E. Effinger, B.S.

**ITEM 02**     Exhibit 01   one plastic bag containing one piece of paper with a sealed envelope
(033)           designated as the known saliva standard of "Tugume, Moses B." containing
                swabs

**ITEM 03**     Exhibit 01   one plastic bag containing one piece of paper with a sealed envelope
(034)           designated as the known saliva standard of "███████ ██ ████████" containing
                swabs

### RESULTS

Amylase activity was detected by chemical analysis, indicating the possible
presence of saliva on item(s)/exhibit(s) 01-01 (vaginal swabs), 01-02 (anal
swabs), 01-10 (left leg) and 01-11 (right leg). Amylase is present in its highest
concentration in saliva, however, it can also be found in other bodily fluids.
Sample(s) are being retained at the laboratory for comparison analysis to
determine the possible source of the stain(s).

Microscopic analysis failed to indicate the presence of spermatozoa cell(s) on
item(s)/exhibit(s) 01-01 (vaginal swabs), 01-02 (anal swabs) and 01-03 (oral
swabs).

A visual, tactile, ALS, and/or chemical examination failed to indicate the
presence of any semen-like stains on item(s)/exhibit(s) 01-01 (vaginal swabs),
01-02 (anal swabs), 01-03 (oral swabs), 01-05 (head hair combings), 01-06
(pubic hair combings), 01-09 (bilateral wrists), 01-10 (left leg) and 01-11 (right
leg).

Chemical analysis indicated the possible presence of blood on item(s)/exhibit(s)
01-01 (vaginal swabs) and 01-02 (anal swabs).

A sample from item/exhibit 01-09 (bilateral wrists) is being retained at the
laboratory for potential DNA stain(s).

Sample(s) of the blood comparison standard of "Destiny Medina" (item/exhibit
01-04) and the saliva comparison standard(s) of "Tugume, Moses B."
(item/exhibit 02-01) and "███████ ████████" (item/exhibit 03-01) are being
retained at the laboratory for comparison purposes.

Trace evidence observed on item(s)/exhibit(s) 01-05 (head hair combings), 01-06
(pubic hair combings), 01-07 (fingernail specimens) and 01-08 (paper sheet) was
repackaged with the corresponding item(s) should future analysis be required.
Analysis was not conducted at this time.

Since body fluids of comparative value have been detected in one or more of the
above submitted items, DNA analysis will be performed. The results of that
analysis will be the subject of a subsequent report.  Please submit the
appropriate standards.  Contact this examiner for further instructions.

Additional analysis of the observed trace particles will be conducted upon
specific request.

Should further analysis be required, please contact this examiner.        **RECEIVED**

                                                                          JAN 0 4 2007

                                                                          MUNDELEIN POLICE DEPT



# Northeastern Illinois Regional Crime Laboratory

1000 Butterfield Road, Suite 1009, Vernon Hills, IL 60061

Phone: (847) 362-0676  Fax: (847) 362-0712

Board President
William Gallagher

Executive Director
Garth Glassburg

Chief Raymond Rose
Mundelein Police Department
221 North Lake Street
Mundelein, IL 60060

*3/13/07  cc. Chief Rose  Sg. Noonan  Ofc. Rathke  Felony Review  Daily*

**Subject:** Sexual Assault Investigation
**Agency Case #:** ~~06-16845~~
**Case Officer:** P. Rathke
**Submission Date:** 12/06/2006

**Laboratory Case #:** 06-5442
**Laboratory Report #:** 2
**Report Date:** 2/26/2007

**Case Names:**   MOSES B TUGUME
~~victims missing~~ *Alleged Victim redacted*

The following evidence was submitted/retained in a sealed condition:

**ITEM 03**
(034)

Exhibit 01   the known saliva standard of "Destiny C. Medina"

### RESULTS

Microscopic analysis failed to indicate the presence of spermatozoa cell(s) on the known saliva standard of "~~Destiny C. Medina~~ (item/exhibit 03-01).

A visual, tactile, ALS, and/or chemical examination failed to indicate the presence of any semen-like stains on the known saliva standard of "Destiny C. Medina (item/exhibit 03-01).

Should further analysis be required, please contact this examiner.

_____
Reviewer

_____
**Forensic Scientist**
Sarah E. Effinger, B.S.

**RECEIVED**

MAR 1 2 2007

MUNDELEIN POLICE DEPT

2/15/2007  15:13   8473628712              NIRCL                           PAGE  03/06

# Northeastern Illinois Regional Crime Laboratory

1000 Butterfield Road, Suite 1009, Vernon Hills, IL 60061

Phone: (847) 362-0676   Fax  (847) 362-0712

Board President             Executive Director
William Gallagher           Garth Glassberg

Chief Raymond Rose
Mundelein Police Department
221 North Lake Street
Mundelein, IL 60060

Subject: Sexual Assault Investigation
Agency Case #: 06-16845                    Laboratory Case #:  06-5442
Case Officer:  P. Rathke                   Laboratory Report #: 3
Submission Date: 12/06/2006                ✱ Report Date: 2/27/2007 ✱  RECIEVED BY ASA
                                                                      BEFORE APIRL 10ᵗʰ 2007
Case Names:       MOSES B TUGUME                                      [DATE OF CONVICTION]
                  ~~Alleged Victim~~ Alleged Victim redacted

The following evidence was submitted/retained in a sealed condition:

**ITEM 01**       Exhibit 01   amylase positive vaginal swabs
(022)
                  Exhibit 02   amylase positive anal swabs

                  Exhibit 04   the known blood standard of "Destiny Medina"

                  Exhibit 10   amylase positive swab identified as "left leg"

                  Exhibit 11   amylase positive swab identified as "right leg"

**ITEM 02**       Exhibit 01   the known saliva standard of "Tugume, Moses B."
(033)

## RESULTS

The above retained stain(s) and standard(s) were subjected to DNA analysis for
comparison purposes. DNA profiling was conducted using PCR at the following
loci: D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317,
D7S820, D16S539, TH01, TPOX, CSF1PO, and Amelogenin.

A DNA profile was identified in item(s)/exhibit(s) 01-01 (vaginal swabs) and 01-
02 (anal swabs) and a partial DNA profile was identified in item(s)/exhibit(s) 01-
10 (left leg) and 01-11 (right leg) that is consistent with coming from "Destiny C
Medina" (item/exhibit 01-04). "Tugume, Moses B." (item/exhibit 02-01) can be
excluded as a source of the DNA.

The DNA profile identified in the known saliva standard of "Tugume, Moses B."
(item/exhibit 02-01) will be forwarded to the Illinois State Police for entry into the
Combined DNA Index System (CODIS) and will be periodically searched against
other profiles in the system. Should any consistent DNA profiles be identified,
your agency will be contacted.

Lab Case       06-5442
Lab Report #   3
Analyst        Kenneth Pfoser M.S.

DNA evidence will be maintained at the laboratory should further analysis be
requested.

Should further analysis be required, please contact this examiner.

_____
Reviewer

_____
Forensic Scientist
Kenneth Pfoser M.S.

**RECEIVED**

MAR 2 1 2007

MUNDELEIN POLICE DEPT





# Northeastern Illinois Regional Crime Laboratory

1000 Butterfield Road, Suite 1009, Vernon Hills, IL 60061
Phone: (847) 362-0676  Fax: (847) 362-0712

Board President
William Gallagher

Executive Director
Garth Glassburg

*CC:*
*CHIEF ROSE*
*INV*
*OFC RATHKE*
*FR*
*FILE*
*5/11/07 JR*

Chief Raymond Rose
Mundelein Police Department
221 North Lake Street
Mundelein, IL 60060

**Subject:** Sexual Assault Investigation
**Agency Case #:** 06-16845
**Case Officer:** P. Rathke
**Submission Date:** 03/26/2007

**Laboratory Case #:** 06-5442
**Laboratory Report #:** 4
**Report Date:** 5/23/2007

**Case Names:**    MOSES B TUGUME
~~Alleged Victim~~ *Alleged Victim redacted*

The following evidence was submitted/retained in a sealed condition:

**ITEM 04**       Exhibit 01   one pair of underwear
(005)

**ITEM 05**       Exhibit 01   one carpet fragment
(011)

### RESULTS

A visual, tactile, ALS, and/or chemical examination indicated the possible presence of semen-like stains on item/exhibit 05-01 (carpet).

Sample(s) from item(s)/exhibit(s) 04-01 (underwear) and 05-01 (carpet, stain(s) A and B) are being retained at the laboratory for potential DNA stain(s).

Trace evidence observed on item(s)/exhibit(s) 04-01 (underwear) and 05-01 (carpet) was repackaged with the corresponding item(s) should future analysis be required. Analysis of the observed trace particles will be conducted upon specific request.

Biological analysis revealed that the stain(s) from item(s)/exhibit(s) 04-01 (underwear) and 05-01 (carpet, stain(s) A and B) are of human origin.

The above retained stain(s) were subjected to DNA analysis for comparison purposes. DNA profiling was conducted using PCR at the following loci: D3S1358, vWA, FGA, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820, D16S539, TH01, TPOX, CSF1PO, and Amelogenin.

A DNA profile was identified on item/exhibit 04-01 (underwear) that is consistent with coming from a mixture of one unknown female individual, the major profile, and "Tugume, Moses B." (item/exhibit 02-01), the minor profile. "██████ ██████" (item/exhibit 01-04) can be excluded as a source of the DNA.

**RECEIVED**

JUN 1 1 2007

MUNDELEIN POLICE DEPT

Lab Case        06-5442
Lab Report #    4
Analyst         Kenneth Pfoser M.S.

A DNA profile was identified on item/exhibit 05-01 (carpet, stain A) that is consistent with coming from a mixture of at least three unknown individuals. "Tugume, Moses B." (item/exhibit 02-01) and the DNA profile(s) identified in item/exhibit 04-01 (underwear) cannot be excluded as source(s) of the DNA. "▆▆▆▆ ▆▆▆▆▆▆" (item/exhibit 01-04) can be excluded as a source of the DNA.

A DNA profile was identified on item/exhibit 05-01 (carpet, stain B) that is consistent with coming from "Tugume, Moses B." (item/exhibit 02-01), the major profile, and one unknown individual, the minor profile. The minor DNA profile identified in item/exhibit 04-01 (underwear) cannot be excluded as a source of the major profile, but can be excluded as a source of the minor profile. The DNA profile(s) identified in item/exhibit 05-01 (carpet, stain A) cannot be excluded as source(s) of the DNA. "▆▆▆▆▆ ▆▆▆▆▆▆" (item/exhibit 01-04) and the major DNA profile identified in item/exhibit 04-01 (underwear) can be excluded as a source of the DNA.

DNA evidence will be maintained at the laboratory should further analysis be requested.

Should further analysis be required, please contact this examiner.

Reviewer

Forensic Scientist
Kenneth Pfoser M.S.

**RECEIVED**

JUN 1 1 2007

MUNDELEIN POLICE DEPT