

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MOSES TUGUME, SR.,               )
           Plaintiff,         )
         vs.                      )      No. 07 CV 6211
                        )      Honorable John W. Darrah
PHILLIP RATHKE,                  )
           Defendant.         )

## NOTICE OF FILING & PROOF OF SERVICE

**TO:**   Moses Tugume, #R60977
Big Muddy River Correctional Center
P. O. Box 900
Ina, IL 62846

John F. O'Reilly
O'Reilly Law Offices
1751 S. Naperville Rd., #101
Wheaton, IL 60187

**FILED**

AUG 12 2008 RC

Aug 12, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

**PLEASE TAKE NOTE** that on the 4th day of August, 2008, the undersigned filed via Certified Mail, Return Receipt Requested, with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the accompanying **Motion to Quash Subpoena,** copies of which are hereby attached and served upon you:

Dated:  August 4, 2008.

DIVER, GRACH, QUADE & MASINI, LLP
Attorneys for Lake County Housing Authority
111 North County Street
Waukegan, IL  60085                    By: _____
(847) 662-8611                               Gretchen A. Neddenriep – 06270338

### PROOF OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the foregoing was served upon the parties at the stated addresses by depositing copies in the U.S. Mail, with proper postage prepaid in Waukegan, Illinois at or about the hour of 5:00 p.m. and by sending, via *overnight mail*, to Judge Darrah on August 4, 2008.

_____
Gretchen A. Neddenriep

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MOSES TUGUME, SR.,                    )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )     No. 07 CV 6211
                                      )
PHILLIP RATHKE,                       )
                                      )
            Defendant.                )

**F I L E D**

AUG 1 2 2008  RC
Aug 12, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION TO QUASH SUBPOENA

NOW COMES the Lake County Housing Authority, by and through one of its attorneys, GRETCHEN A. NEDDENRIEP of DIVER, GRACH, QUADE & MASINI, LLP, and moves this Court to quash the subpoena served upon the Lake County Housing Authority on or about July 17, 2008, and in support thereof, states as follows:

1. On or about July 17, 2008, Plaintiff, appearing pro se, caused a Subpoena to be served on the Lake County Housing Authority requesting:

   > Any and all records including, but not limited to, all interviews, investigations, case worker analysis, all client applications and renewal of housing vouchers regarding Rosita Medina...

2. The above-listed individual, a tenant with the Lake County Housing Authority, currently has an order of protection against the Plaintiff, her former husband, who was incarcerated for molesting her child.

3. If the Plaintiff were to receive the information sought by the subpoena, Rosita Medina's privacy and, more importantly, her safety and the safety of her family, would be breached.

4. In determining whether an intrusion into someone's privacy is reasonable and a subpoena is valid, the Court must apply a two-prong test: (1) the documents sought should be relevant to the inquiry and (2) specification of the documents must be adequate and not excessive in regards to the inquiry. *Dufour v. Mobil Oil Corp.*, 301 Ill.App.3d 156, 161 (1st Dist. 1998). See also *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186 (1946). Such a determination "cannot be reduced to a formula; for relevancy and adequacy or excess in the breadth of the subpoena" are variable matters in relation to the inquiry. *Oklahoma Press*, 327 U.S. at 209.

5. Plaintiff's request is overly broad and seeks information which is not relevant or calculated to lead to relevant information.

6. Ms. Medina's records concerning her tenancy with the Lake County Housing Authority include case worker evaluations and applications and are irrelevant to Plaintiff's claim against Defendant. Furthermore, Plaintiff's request is excessive in that it seeks **all** records of the Lake County Housing Authority, some of which relate to a time when Ms. Medina was not in a relationship with the Plaintiff. As such, the subpoena is invalid and should be quashed.

7. More importantly, Ms. Medina's safety and that of her family would be jeopardized should Plaintiff receive the records he seeks. The records contain residential addresses, employment addresses, school locations of the children, and other information detrimental to the order of protection Ms. Medina obtained against

Plaintiff. Therefore, Plaintiff's attempt to obtain this information through a Subpoena should be quashed. Although Plaintiff is currently incarcerated, his ties to the outside are unknown as is his actual release date.

8.  Section 203 of the Illinois Domestic Violence Act of 1986 provides in relevant part:

> (b)  If the petition states that disclosure of petitioner's address would risk abuse of petitioner or any member of petitioner's family or household or reveal the confidential address of a shelter for domestic violence victims, that address may be omitted from all documentations filed with the court.  If disclosure is necessary to determine jurisdiction or consider any venue issue, it shall be made orally and in camera.  If petitioner has not disclosed an address under this subsection, petitioner shall designate an alternative address at which respondent may serve notice of any motion.

> (c)  If the petitioner is seeking to have a child protected by the order of protection, and if that child is enrolled in any day-care facility, pre-school, pre-kindergarten, private school, public school district, college, or university, the petitioner may provide the name and address of the daycare facility, preschool, kindergarten, private school, public school district, college, or university to the court. However, if the petition states that disclosure of this information would risk abuse to petitioner or to the child protected under the order, this information may be omitted from all documents filed with the court. 750 ILCS 60/203.

To require the Lake County Housing Authority to release the documents subpoenaed would be contrary to the Domestic Violence Act.

WHEREFORE, the Lake County Housing Authority prays the Court enter an Order quashing said Subpoena or in the alternative, enter an order requiring Plaintiff to specify a particular document to be produced and grant the Housing Authority leave to redact all personal information contained in said document as it pertains to Rosita Medina and her family or such

3

other relief as this Court determines is necessary to maintain the safety of Rosita Medina and her family.

Respectfully submitted,

LAKE COUNTY HOUSING AUTHORITY

By: _____
       Gretchen A. Neddenriep

Gretchen Neddenriep (#6270338)
DIVER, GRACH, QUADE & MASINI, LLP
111 North County Street
Waukegan, IL 60085
Telephone: (847) 662-8611
Fax: (847) 662-2960

4