UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MOSES TUGUME, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 07 C 6211 |
| | ) | Honorable John Darrah |
| PHILLIP RATHKE, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Now comes the Defendant, PHILLIP RATHKE, by and through his attorneys,

O'REILLY LAW OFFICES, and as for his Reply Memorandum of Law in support of his Motion

for Summary Judgment, states as follows:

**ARGUMENT**

In his Response to Defendant's Motion for Summary Judgment, Plaintiff concedes that

Officer Phillip Rathke conducted the subject search of the residence and the search and seizure

of the subject computer, lockbox and suitcase pursuant to the verbal and written consent of the

Plaintiff's wife, Rosita Medina.  (See Plaintiff's "Answer" to paragraph 2(B) in his Response to

Defendant's Motion for Summary Judgment, Document 64 at p. 2 of 6).[1]  Plaintiff contends that

the consent of his spouse, Rosita Medina, was illegal.  Plaintiff offers no precedent to support his

contention and it is contrary to the law.  United States v. Matlock, 415 U.S. 164, 170 and 177, *n.

4 and 14*, 94 S.Ct. 988, 996, *n. 4 and 14*, and U.S. v. Duran, 957 F.2d 499 (7th Cir. 1992).

Defendant's conduct did not violate the Plaintiff's Fourth Amendment rights because the

law allows a police officer to conduct a warrantless search pursuant to the voluntary consent of

---

[1] Many of Plaintiff's responses do not cite to competent record evidence and as such should be disregarded.
Further, Plaintiff did not submit a statement of additional facts pursuant to Rule 56.1(b)(3)(C).  (Document 65)

an authorized individual, in this case Rosita Medina.  Plaintiff argues that as the mother of the victim, Rosita Medina, was acting as an agent of the State; and therefore, she was not authorized to consent to the search of her premises and property.  However, Plaintiff does not cite to legal precedent and cannot offer any facts to support this contention.  To the contrary, in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, the Supreme Court determined that a suspect's wife was not operating as an agent of the State when she handed over her husband's guns and clothing to the police. The Court pointed out that "it is no part of the policy underlying the Fourth and Fourteenth Amendments to discourage citizens from aiding to the utmost of their ability in the apprehension of criminals." Coolidge v. New Hampshire, 403 U.S. 443, 488, 91 S.Ct. 2022 at 2049.  Similarly, Rosita Medina's giving her voluntary consent for the police to search and seize evidence in her own home does not render her an agent of the State.

Further, Plaintiff suggests this case involves disputed consent; however, Plaintiff concedes that he did not actually object to the subject search and seizure.  Rather, he argues, without citation to the record, that he would have objected if he were present at the time of the search.  (ASOF[2] ¶¶12, 27-29; Plaintiff's "Answer" to paragraphs 12 and 28 (XXVIII) in Plaintiff's Opposition to Defendant's Rule 56.1(a)(3) Statement of Facts, Document 65 at pp. 5 and 13 of 22).  In the case at bar, there is no dispute that Plaintiff was validly arrested and taken from the scene prior to Rathke's search and seizure pursuant to Rosita Medina's consent. (ASOF ¶¶ 10, 12, 15-29).  In U.S. v. Henderson, --- F.3d ----, 2008 WL 3009968 (C.A.7 Ill August 06, 2008)[3], the Seventh Circuit recently held that a criminal defendant's valid arrest and removal from his home rendered his refusal of consent for the search of his home no longer effective to bar his wife's later consent.  (U.S. v. Henderson, --- F.3d ----, 2008 WL 3009968.)  In the present

---

[2] ASOF refers to Defendant's Rule 56.1(a)(3) Amended Statement of Facts (Document 76)
[3] A copy of this case will be forwarded along with this brief to the Plaintiff and the Judge for consideration.

case, Plaintiff does not contend and offers no evidence to suggest that he refused consent or objected to the subject search and seizure. Even if Plaintiff were to make this argument and offer evidence of disputed consent, it would not invalidate the consent obtained by Rosita Medina after Plaintiff was validly arrested and removed from the scene. Further, Plaintiff voluntarily signed a consent form on December 4, 2006, allowing the Mundelein Police Department to search computer files on a computer that they seized pursuant to Rosita Medina's consent on December 3, 2006. (ASOF ¶46). This is contrary to Plaintiff's present suggestion that he would have objected to the subject search if he were present.

Defendant also relies upon the doctrine of qualified immunity for the proposition that Officer Rathke, in his discretion, did not violate any clearly established right in his conducting a search pursuant to the verbal and written consent of Rosita Medina. Again, Plaintiff cites caselaw in response that has no application to this case. Plaintiff's reference to <u>Bond v. U.S.</u>, 529 U.S. 334, 120 S.Ct. 1462 (U.S.Tex. 2000) where the Supreme Court considered whether an enforcement officer's physical manipulation of a criminal defendant's carry-on bag on a bus violated the Fourth Amendment has no relevance at all. Here, the premise of Defendant's motion for summary judgment is that Officer Rathke conducted his search and seizure pursuant to the lawful consent of Plaintiff's spouse; and therefore, Officer Rathke did not violate the Plaintiff's rights. Even if Plaintiff were to successfully present a question of fact as to Rosita Medina's actual authority over the premises and items searched and seized, she presented her consent with apparent authority to consent to the subject search and seizure. Finally, in addition to the above points which warrant summary judgment, the law does not now and did not as of December 3, 2006, deprive Rosita Medina of her authority to consent to the subject search and seizure of the premises and property just because she is the mother of the minor victim of the

Plaintiff's aggravated criminal sexual assault.  Accordingly, Officer Rathke should be entitled to qualified immunity.

Finally, there is no genuine dispute to Officer Rathke's sworn statement that he did not conduct his search of the interior of Plaintiff's residence prior to gaining the lawful consent of Rosita Medina. (ASOF ¶¶ 10, 12, 15-29).  To the extent that Officer Rathke walked onto the exterior open porch and parking lot area of the apartment complex to see whether a knife was present as reported by the victim's aunt, this conduct does not rise to the level of a search under the Fourth Amendment, and the Plaintiff did not have any legitimate expectation of privacy in the open exterior areas outside of his residence.  Where the circumstances would invite a visitor to use normal means, such as a porch, pathway or front steps, to pay a visit or talk to the owner of the property, there is no expectation of privacy in those paths. United States v. French, 291 F.3d 945, 952 (7th Cir.2002) (reasonable for an officer to walk up gravel driveway and walkway to talk to defendant working on car outside); United States v. Morrow, 541 F.2d 1229, 1232 (7th Cir.1976) (no violation of Fourth Amendment where officer walked up driveway and looked in garage door window), *cert. denied,* 430 U.S. 933, 97 S.Ct. 1556; United States v. Daoust, 916 F.2d 757, 758 (1st Cir.1990) (a policeman may follow a path to the rear of the house to try and find someone home); Davis v. United States, 327 F.2d 301, 303 (9th Cir.1964) (stating there is no rule making it illegal to openly and peaceably walk up the steps of a man's home).  Here, Officer Rathke checking the open porch area and parking lot of the apartment complex to look for the knife reported by the victim's aunt does not constitute a search under the Fourth Amendment as there is no protected privacy interest in those areas.  Accordingly, there is no violation of Plaintiff's Fourth Amendment rights by looking in those areas.  Additionally, Officer Rathke would be entitled to qualified immunity.

**CONCLUSION**

Based on the undisputed evidence that Rosita Medina provided her authorized consent to Officer Rathke's search and seizure of the subject premises and property, this Court should enter summary judgment in favor of Officer Phillip Rathke as a matter of law.  Alternatively, this Court should enter summary judgment in favor of Officer Rathke as he is entitled to qualified immunity as he did not knowingly violate any clearly established right under the Fourth Amendment.

WHEREFORE, based upon the foregoing, the Defendant, Phillip Rathke, respectfully requests this Honorable Court enter an order granting summary judgment in his favor and against the Plaintiff with prejudice, costs and any additional relief this Court deems just under the circumstances.

Respectfully submitted,

O'REILLY LAW OFFICES


By:    /s/ John F. O'Reilly
            John F. O'Reilly


Dated:  August 25, 2008

O'REILLY LAW OFFICES
Attorneys for Defendant
1751 S. Naperville Rd., #101
Wheaton, IL  60187
Telephone:  630/665-4444
Attorney No. 6209668
E-mail:  oreillylaw@msn.com